NUMBER 13-02-374-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


___________________________________________________________________


ROMAN VALVERDE PERALES, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the County Court at Law No. 1 


of Victoria County, Texas.


__________________________________________________________________


O P I N I O N



Before Justices Rodriguez, Castillo, and Wittig (1)


Opinion by Justice Rodriguez



 Appellant, Roman Valverde Perales, brings this appeal following a misdemeanor
conviction for driving while intoxicated (DWI). The trial court assessed punishment at
180 days confinement in the Victoria County Jail, probated for one year, and a $500.00
fine. Appellant presents nine issues, generally contending the trial court erred: (1) in
denying, in part, his motion to suppress evidence arising from the arrest; (2) in allowing
testimony that lacked proper foundation; (3) in instructing the jury as to the legality of
appellant's stop; (4) in finding appellant guilty; and (5) in denying his motion for
instructed verdict. Appellant also contends the evidence is legally and factually
insufficient to show a traffic law violation. The trial court has certified that this case "is
not a plea-bargain case, and the defendant has the right of appeal." See Tex. R. App. P.
25.2(a)(2). We affirm.

I. BACKGROUND

 On February 9, 2002, Officer Roy Gonzalez with the Texas Department of Public
Safety stopped appellant for traveling sixty-nine miles per hour in a sixty mile-per-hour
zone. Appellant's automobile registration had expired, and after conducting a routine
check, the dispatcher informed Officer Gonzalez that appellant's driver's license had also
expired. When Officer Gonzalez approached appellant, he noticed appellant's eyes were
red and bloodshot, appellant had a slight slur to his speech, and there was a strong smell
of alcohol emanating from the vehicle. Appellant failed the field sobriety tests, and he
was arrested.

II. Motion to Suppress

 By his first three issues, appellant contends the trial court erred in denying, in part,
his motion to suppress because there was no probable cause for his arrest. (2) Where
probable cause is concerned, the Fourth Amendment is triggered, and a bifurcated
standard of review is typically applied. Carmouche v. State, 10 S.W.3d 323, 327 (Tex.
Crim. App. 2000) (standard applied where facts have been expressly or implicitly
established by trial court to which law may be applied). We give "almost total deference
to the trial court's determination of historical facts" and review de novo the court's
application of the law. Id. (applying the first and third categories established in Guzman
v. State, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997)). (3)

 Moreover, when the trial court's findings as to mixed questions of law and fact
turn on an evaluation of a witness's credibility and demeanor, we review under an
almost-total-deference standard. Guzman, 955 S.W.2d at 89. In such cases, the trial
court is in the best position to make determinations based upon witnesses it observed
first hand. Id. at 87. Conversely, where a trial court's ruling on a mixed question of law
and fact does not turn upon an evaluation of credibility and demeanor gained from live
testimony, but rather, for instance, on tangible or written evidence, an appellate court is
in as good a position to evaluate the evidence first hand, so less deference is given. Id.

 Where the trial court denies a motion and does not file findings of historical fact,
as in this case, we review the evidence in the light most favorable to the trial court's
ruling and assume that the ruling is based upon implicit findings of fact supported in the
record. Carmouche, 10 S.W.3d at 327-28. We then review de novo the trial court's
application of the Fourth Amendment standards. Carmouche, 10 S.W.3d at 328. We
will not disturb any ruling on a motion to suppress that is supported by the record. 
Gruber v. State, 812 S.W.2d 368, 370-71 (Tex. App.-Corpus Christi 1991, pet. ref'd).

A. Reasonable Suspicion

 By his first issue, appellant argues that the court erred when it impliedly found that
reasonable suspicion existed to stop his vehicle, rather than probable cause, thus, any
evidence arising from it should have been suppressed. Appellant asserts reasonable
suspicion is not enough to meet the burden of showing a lawful stop. However, a police
officer is justified in stopping and briefly detaining a person for investigative purposes if
he has reasonable suspicion supported by articulable facts that criminal activity may be
occurring, even if evidence falls short of probable cause." See Terry v. Ohio, 392 U.S.
1, 30 (1968); Davis v. State, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997). In a
suppression hearing, the State has the burden to prove reasonableness of the stop. 
Russell v. State, 717 S.W.2d 7, 9-10 (Tex. Crim. App. 1986).

 Video evidence established that Officer Roy Gonzalez of the Texas Department of
Public Safety was in his patrol car stationed parallel to the highway. (4) Officer Gonzalez
testified that he stopped appellant at 1:54 a.m. because the car in which appellant was
driving was seen approaching at what appeared to be a high rate of speed. Officer
Gonzalez testified that radar confirmed appellant was traveling at sixty-nine miles-per-hour. This exceeded the sixty miles-per-hour speed limit in that section of highway,
which was in effect due to a construction zone. Officer Gonzalez activated his overhead
lights and pursued appellant's car. Where an actual violation of the law is observed,
there is probable cause for a traffic stop, and a law enforcement official may detain that
person to address the violation. Tex. Code Crim. Proc. Ann. art. 14.01(b) (Vernon
1977); see Garcia v. State, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992). Thus, we
conclude the State established reasonableness of the stop. See Russell, 717 S.W.2d at
9-10.

B. Further Detention In his second issue, appellant asserts that the court erred in denying his motion to
suppress because no causal connection existed between the initial stop and the further
detention for field sobriety tests. The United States Supreme Court has developed a test
to determine whether an investigative detention was reasonable: (1) whether the
officer's action was justified at its inception; and (2) whether it was reasonably related
in scope to the circumstances that justified the initial interference. Terry, 392 U.S. at
19-20.

 First, the officer must be able to show specific and articulable facts which, when
taken along with rational inferences from those facts, reasonably warrant the intrusion. 
Id. at 21. This is an objective standard that considers whether facts available to the
officer at the moment of the search would cause a man of reasonable caution to believe
the action taken was appropriate. Id. at 21-22. Here, the trial court could have
reasonably found that Officer Gonzalez had reasonable suspicion that warranted stopping
appellant for speeding.

 Second, under Terry, the investigative detention "must, like any other search, be
strictly circumscribed by the exigencies which justify its initiation." Id. at 25-26. 
Essentially, it is this second prong of Terry appellant contends is not satisfied because
the scope of the detention went beyond the initial purpose of the stop. 

 Officer Gonzalez testified, and the video in evidence confirmed, that he initially
approached the driver's window and immediately told appellant he was being stopped for
driving over the speed limit, at sixty-nine miles-per-hour. When it was determined that
appellant could produce no proof of insurance and his license had expired one year prior,
Officer Gonzalez asked appellant to exit the car and stand in front of the patrol car. In
addition, Officer Gonzalez explained to appellant that he could smell alcohol in the car. 
Appellant asserted that nobody else had been drinking in the car. Testimony showed that
Officer Gonzalez then looked through the windows of the car and saw a beer bottle on
the floor behind a seat. Further, Officer Gonzalez determined he could smell alcohol on
appellant's breath. Officer Gonzalez then asked appellant to submit to field sobriety
testing. 

 Officer Gonzalez stopped appellant to investigate the speeding violation. Once the
officer concluded that investigation, he could not detain appellant any longer without a
reasonable suspicion that another offense was being committed. Freeman v. State, 62
S.W.3d 883, 887 (Tex. App.-Texarkana 2001, pet. ref'd). However, it is well-settled
that, after a bona fide for speeding, an officer may then make an arrest if another offense
is discovered during the investigation. Little v. State, 853 S.W.2d 179, 184 (Tex.
App.-Corpus Christi 1993, no pet.); Taylor v. State, 421 S.W.2d 403, 407 (Tex. Crim.
App. 1967), cert. denied, 393 U.S. 916 (1968).

 Where an officer conducts a valid detention for investigation and then develops a
reasonable suspicion that the detainee is engaged in criminal activity, continued detention
is justified. See Davis, 947 S.W.2d at 244. Testimony established that it was during
the traffic stop for speeding that Officer Gonzalez first noticed signs of possible
intoxication. This suspicion was based upon: (1) red eyes; (2) alcohol odor emitting from
appellant's car and from his breath; and (3) a beer bottle in plain view behind a seat. 
These facts were sufficient to give rise to a reasonable suspicion that appellant was
engaged in the criminal activity of driving under the influence of alcohol. See Garza v.
State, 704 S.W.2d 64, 66 (Tex. App.-Corpus Christi 1985, pet. ref'd). Thus, we
conclude further detention was justified.

C. Consent to Field Sobriety Test In his third issue, appellant asserts that he did not voluntarily consent to the field
sobriety tests because Officer Gonzalez did not tell him he was free to refuse. 
Voluntariness under the Fourth Amendment is a question of fact to be determined from
the totality-of-the-circumstances. Ohio v. Robinette, 519 U.S. 33, 39-40 (1996);
Carmouche, 10 S.W.3d at 331. The evidence, however, establishes that Officer
Gonzalez asked appellant if he would agree to perform the sobriety testing and appellant
willingly attempted to comply. See Robinette, 519 U.S. at 39 (holding it unrealistic to
require police officers to advise detainees they are free to leave before consent may be
deemed voluntary). The trial court was free to believe the officer's testimony that
consent was freely given. See Alvarado v. State, 853 S.W.2d 17, 23 (Tex. Crim. App.
1993).

 Thus, reviewing the evidence in the light most favorable to the trial court's ruling
and giving almost total deference to the trial court's determination of historical facts, we
conclude from our de novo review of the trial court's application of the law that the stop
of appellant's vehicle was constitutionally justified. See Carmouche, 10 S.W.3d at 327-28. Accordingly, appellant's first, second, and third issues are overruled.

III. Sufficiency of the Evidence

 By his eighth and ninth issues, appellant contends the evidence is insufficient to
sustain a conviction for violation of speeding laws. 

A. Standard of Review

 In reviewing the legal sufficiency of the evidence, we must consider all the
evidence presented in the light most favorable to the jury's verdict and determine
whether any rational trier of fact could have found the essential elements of the offense
present beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). We
must review the evidence as it is already weighted and resolve any inconsistencies in
favor of the verdict. Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988);
see Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979).

 In reviewing the factual sufficiency, we impartially examine all of the evidence and
set aside the verdict only if it is so contrary to the overwhelming weight of the evidence
as to be clearly wrong and unjust. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App.
2000). Wrong and unjust means that the verdict is "manifestly unjust," "shocks the
conscience," or "clearly demonstrates bias." Rojas v. State, 986 S.W.2d 241, 247 (Tex.
Crim. App. 1998). The judgment should be reversed only if "proof of guilt is so
obviously weak as to undermine confidence in the jury's determination, or the proof of
guilt, although adequate if taken alone, is greatly outweighed by the contrary proof." 
Swearingen v. State, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003). We are required to
accord due deference to the fact-finder's determinations on the weight and credibility of
the evidence and may not merely substitute our own judgment. Johnson, 23 S.W.3d at
7; Swearingen, 101 S.W.3d at 97.B. Analysis

 We construe appellant's argument as a challenge to the sufficiency of the evidence
to support a conviction for speeding. However, appellant was not convicted of speeding
so this argument is not properly before this Court. To the extent, however, the issue
could be construed as a challenge to the sufficiency of the evidence to support the DWI
conviction, the issues will be addressed.

 Section 49.04 of the Texas Penal Code provides that a person commits the
offense of driving while intoxicated if that person is intoxicated while operating a motor
vehicle in a public place. Tex. Pen. Code Ann. § 49.04 (Vernon 2003). A person is
"intoxicated" if he does not have the "normal use of mental or physical faculties by
reason of the introduction of alcohol . . . into the body." Tex. Pen. Code Ann. § 49.01(2)
(Vernon 2003).

 The record reflects that Officer Gonzalez observed appellant operating a motor
vehicle on a public highway. Appellant was driving at an excessive rate of speed and
was stopped. During the stop, Officer Gonzalez observed signs of intoxication in
appellant's demeanor and appearance. Officer Gonzalez conducted field sobriety testing. 
Appellant was unable to comprehend basic instructions and unable to complete the tests. 
Officer Gonzalez concluded that appellant was intoxicated and arrested him. See Annis
v. State, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979) (holding that testimony of an
officer as to intoxication is sufficient to establish the element). 

 Viewing the evidence in the light most favorable to the verdict, a rational jury could
have found that appellant was driving while intoxicated. See Jackson, 443 U.S. at 319. 
Further, the verdict is not so contrary to the overwhelming weight of the evidence as to
be clearly wrong and unjust. See Johnson, 23 S.W.3d at 7. Appellant's eighth and ninth
issues are overruled.

IV. Scientific Evidence

 In his fourth issue, appellant contends that the trial court erred in allowing Officer
Gonzalez to testify regarding his estimation of speed and the radar reading. Relying on
Ochoa v. State, 994 S.W.2d 283, 284 (Tex. App.-El Paso 1999, no pet.), appellant
asserts the testimony is unreliable because the State did not establish a proper foundation
for the admission of this scientific testimony under rule 702 of the rules of evidence and
Kelly v. State. See Tex. R. Evid. 702; Kelly v. State, 824 S.W.2 568, 572 (Tex. Crim.
App. 1992). Appellant also argues that Officer Gonzalez's opinion regarding speed has
no probative value because the State did not prove his qualifications. Because there is
no other evidence that the speed limit was exceeded, appellant asserts that the
estimation of speed and radar evidence had a substantial or injurious effect on the
outcome of the case.

 Rule 702 has been interpreted as involving a dual inquiry. Jordan v. State, 928
S.W.2d 550, 554 (Tex. Crim. App. 1996). The threshold question is whether the
evidence will help the trier of fact understand the evidence or a fact in issue; whether the
evidence is reliable and relevant. Kelly, 824 S.W.2d at 572. The proponent of the
evidence has the burden of persuading the trial court, "by clear and convincing evidence,
that the evidence is reliable and therefore relevant." Id. at 573. The trial court's ruling
on the threshold issue is reviewed under the abuse of discretion standard. Id. at 574. 
The second inquiry is whether the probative value of the evidence is outweighed by one
of the factors outlined in Texas Rule of Evidence 403. Id. at 572; Tex. R. Evid. 702. 
These factors include unfair prejudice, confusion of the issues, misleading the jury, undue
delay, or the needless presentation of cumulative evidence. Tex. R. Evid. 702. This
determination is also reviewed under the abuse of discretion standard. Id. at 576.

 The court of criminal appeals has concluded that the Kelly factors apply to all
evidence based on a scientific theory and not just to evidence based on novel scientific
theories. Mills v. State, 99 S.W.3d 200, 202 (Tex. App.-Fort Worth 2002, no pet.)
(citing Hartman v. State, 946 S.W.2d 60, 63 (Tex. Crim. App. 1997)). Under Kelly,
evidence derived from scientific theory is reliable if: (1) the underlying scientific theory
is valid; (2) the techniques applying it are valid; and (3) the technique was properly
applied on the occasion in question. Kelly, 824 S.W.2d at 573.

 Relying on Hartman and Kelly, the El Paso Court of Appeals in Ochoa v. State
concluded that "although radar is a familiar concept, it is based on a scientific theory and
therefore subject to proof of reliability and relevance under Kelly." Ochoa v. State, 994
S.W.2d at 284. The El Paso Court held that the evidence did not satisfy Kelly because
the officer, in that case, was unable to explain the calculation the gun makes, and could
not explain the theory underlying the calculation. Id. at 285. Under the court's analysis,
the first prong of Kelly was not met. See id. 

 More recently, however, the Texarkana Court of Appeals has held that even under
Kelly, the underlying scientific principles of radar are indisputable and valid as a matter
of law. Maysonet v. State, 91 S.W.3d 365, 371 (Tex. App.-Texarkana 2002, no. pet.);
see Masquelette v. State, 579 S.W.2d 478, 481 (Tex. Crim. App. [Panel Op.] 1979)
(court pronounced once and for all that State not required to call expert to establish
underlying theory of radar). We agree with the principles set out in Maysonet and Mills. 
The underlying scientific principles of radar are valid. Thus, the first prong of Kelly is
established as a matter of law. See Mills, 99 S.W.3d at 202.

 Under Kelly, however, the State must still establish the remaining two prongs: 
that the officer applied a valid technique; and that it was correctly applied on the
occasion in question. Kelly, 824 S.W.2d at 573; Mills, 99 S.W.3d at 202; Maysonet,
91 S.W.3d at 371. Officer Gonzalez testified that he was trained to estimate speed, was
certified to operate radar equipment, and knew how to regularly calibrate it. Further,
Officer Gonzalez testified that his training was applied on the night in question. He
estimated the speed of the vehicle at seventy miles per hour and the radar gave him a
reading of sixty-nine miles per hour, confirming that appellant was speeding. We hold
that this testimony is sufficient to satisfy the second and third prongs of Kelly, thus
establishing reliability. Moreover, Officer Gonzalez's testimony regarding his estimation
of speed and the radar reading is not merely cumulative, confusing or misleading, and did
not consume an inordinate amount of trial time. See Tex. R. Evid. 403. The probative
value of the testimony is not outweighed by these factors. See id.; Kelly, 824 S.W.2d
at 572. The trial court did not abuse its discretion when it admitted this evidence. 
Appellant's fourth issue is overruled. V. Refusal to Instruct

 In his seventh issue, appellant contends the trial court erred in instructing the jury
as to the legality of the traffic stop because the law requires probable cause. Having
found that probable cause existed, the trial court properly instructed the jury. See Terry,
392 U.S. at 30. Appellant's seventh issue is overruled.

VI. Finding Guilty 

 In his sixth issue, appellant contends the trial court erred in finding appellant guilty
because the jury impliedly found reasonable suspicion where probable cause was
required. As stated, probable cause was present. Appellant's sixth issue is overruled.


VII. Directed Verdict 

 In a somewhat confusing fifth issue, appellant contends the court erred in "denying
the motion for instructed verdict because the state failed to prove violation of the
speeding laws." However, appellant was not charged with speeding and this question
was not before the trial court. Further, appellant was stopped due to a radar reading that
substantiated the officer's observation that appellant was traveling at a high rate of speed
and in violation of the speed limit. 

 A challenge to the denial of a motion for directed verdict is a challenge to the legal
sufficiency of the evidence. Williams v. State, 937 S.W.2d 479, 482 (Tex. Crim. App.
1996). Having concluded that the State has met its burden as to the essential elements
of the offense, we conclude that the court properly instructed the jury and properly
refused to direct a verdict of not guilty. Appellant's fifth issue is overruled.

VIII. Conclusion

 Accordingly, we affirm the judgment of the trial court. 

 NELDA V. RODRIGUEZ

 Justice


Publish.

Tex. R. App. P. 47.2(b).


Opinion delivered and filed

this 29th day of August, 2003.

 
1. Retired Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).
2. The trial court granted appellant's motion to suppress "in part as to any and all
statements made by [appellant] on in-car video after being arrested regarding [appellant's]
drinking habits and the amount of alcohol consumed." The court denied the motion in all
other respects.
3. In this case, we apply the third-category application of the law rather than the second-category Guzman application. A second-category application is proper when, in a motion to
suppress hearing, the only evidence presented is the testimony of the arresting officer and
the trial court grants the motion without filing findings, thus, there are not necessarily any
certain facts that can be implied. Ross v. State, 32 S.W.3d 853, 856 (Tex. Crim. App.
2000). The trial court may not know what the facts are, it simply choose to disbelieve the
officer. Id. Consequently, an appellate court will not have a set of historical facts available
in which to apply the law de novo. Id. Therefore, almost total deference to the trial court's
assessment of the facts as well as its application of the law is required. Id. In the present
case, however, the trial court did not rely solely on the testimony of the arresting officer. It
denied the motion after hearing the officer's testimony and after viewing the videotape of the
traffic stop. This takes the inquiry out of a second-category Guzman application. See
Carmouche v. State, 10 S.W.3d 323, 332 (Tex. Crim. App. 2000).
4. The traffic stop was videotaped by a camera mounted on the dashboard of the patrol
car. Appellant contends that probable cause was lacking, in part, because Officer Gonzalez
could not have made an observation as to appellant's speed nor obtained a radar reading from
appellant's car because the patrol car was stationed perpendicular to and some distance off
of the roadway. The tape was presented to the trial court at the suppression hearing and
admitted into evidence. The record reflects that the trial court reviewed the tape during the
hearing. We have also reviewed the videotape and conclude the video establishes otherwise.