NO.
12-04-00317-CR

 

                     IN THE COURT
OF APPEALS       

 

          TWELFTH
COURT OF APPEALS DISTRICT

 

                                 TYLER, TEXAS

HARVEY
CHEVALIER,                                   '                APPEAL
FROM THE 114TH

APPELLANT

 

V.                                                                          '                JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        '                SMITH
COUNTY, TEXAS

                 
                                                                                                                                          

                                                       MEMORANDUM
OPINION

Harvey
Chevalier appeals his conviction for driving while intoxicated.  In one issue, Appellant asserts that the
trial court erred in denying his motion to suppress.  We affirm.

 

Background








The
Arp city marshal, a peace officer, was on routine patrol late in the evening
when he observed a vehicle traveling on Highway 64 East with smoke trailing
behind it.  As it passed his location,
the officer observed that the vehicle was actually on fire and that there were
flames underneath it.  The officer
initiated a traffic stop.  Appellant was
driving and asked why he had been stopped. 
This seemed unusual to the officer because of the amount of smoke
emitting from the vehicle.  In fact, the
smoke was so dense that motorists traveling in the opposite direction had to
stop their vehicles because they could not see through the smoke.  While talking with Appellant, the officer
noticed what he believed to be indicators that Appellant was intoxicated.  Specifically, Appellant appeared to be
confused, was unable to easily maintain his balance, had bloodshot eyes, and
had slurred speech.  Additionally, after
the fire went out and the smoke cleared, the officer was able to detect what he
described as the Apretty
strong smell@ of
alcohol on Appellant=s
breath.

These
signs of intoxication caused the officer to investigate further.  He administered field sobriety tests and ultimately
arrested Appellant for driving while intoxicated.  Appellant was indicted for the offense of
driving while intoxicated.  The
indictment also alleged that he had two prior driving while intoxicated
convictions and two prior unrelated felony convictions.  See Tex.
Pen. Code Ann. ''
49.09(b)(2), 12.42(d) (Vernon 2005). 
During the trial, Appellant objected to the evidence derived from his
continued detention following the initial traffic stop.  The trial court overruled his objection.  The jury found Appellant guilty, found the
enhancement allegations to be true, and assessed punishment at imprisonment for
life.  This appeal followed.

 

Motion to Suppress Evidence

In
his sole issue, Appellant asserts that the trial court erred when it overruled
his motion to suppress evidence.

Standard
of Review

We review a trial court=s ruling on a motion to suppress evidence for an
abuse of discretion. Balentine v. State, 71 S.W.3d
763, 768 (Tex. Crim. App. 2002). 
A trial court=s
express or implied determinations of historical facts, especially those that
turn on credibility and demeanor, are entitled to almost total deference. State
v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000) (citing Carmouche
v. State, 10 S.W.3d 323 (Tex. Crim. App. 2000)).  We review de novo the court=s application of the law of search and
seizure to those facts.  Id.  We will sustain the trial court=s 
decision if it is correct on any theory of law applicable to the
case.  Ross, 32
S.W.3d at 856.Applicable Law

The
Fourth Amendment to the United States Constitution guarantees Athe right of the people to be secure in
their persons, houses, papers, and effects, against unreasonable searches and
seizures.@  U.S. Const.
amend. IV.  The Fourth Amendment
is applicable to the states through the Fourteenth Amendment.  See U.S. Const. amend. XIV; Mapp v. Ohio, 367
U.S. 643, 655, 81 S. Ct. 1684, 1691, 6 L. Ed. 2d 1081 (1961).








The touchstone of the Fourth Amendment is
reasonableness, which is measured in objective terms by examining the totality
of the circumstances.  Ohio v.
Robinette, 519 U.S. 33, 39, 117 S. Ct. 417, 421, 136 L. Ed. 2d 347
(1996).  It is reasonable for a
law enforcement officer to conduct a brief investigative detention without a
warrant when he has a reasonable suspicion to believe that an individual is
involved in criminal activity. 
Terry v. Ohio, 392 U.S. 1, 30‑31, 88 S. Ct. 1868, 1885, 20
L. Ed. 2d 889 (1968); Balentine, 71 S.W.3d at 768; Carmouche,
10 S.W.3d at 328.  Reasonable
suspicion exists if there are specific articulable facts that, when combined
with rational inferences from those facts, would reasonably lead an officer to
conclude that the person detained actually is, has been, or soon will be
engaged in criminal activity.  Balentine,
71 S.W.3d at 768.

It
is also reasonable for a police officer to stop or detain an individual through
the exercise of a community caretaking function, even if there is not
reasonable suspicion or probable cause that an offense has been committed.  Corbin v. State, 85 S.W.3d 272,
276 (Tex. Crim. App. 2002).  Police
officers are often called upon to perform duties that relate to public safety
other than the gathering of evidence, enforcement of the law, or investigation
of crime, and courts have held the community caretaking function to be both reasonable
and lawful.  See Cady v.
Dombrowski, 413 U.S. 433, 441, 93 S. Ct. 2523, 2528, 37
L. Ed. 2d 706 (1973); Wright v. State, 7 S.W.3d
148, 151‑52 (Tex. Crim. App. 1999). 
Accordingly, an officer may stop and assist an individual if a
reasonable person, given the totality of the circumstances, would believe the
individual to be in need of help.  Corbin,
85 S.W.3d at 276.  This function,
however, is separate and apart from a police officer=s
duties related to the detection and investigation of violations of a criminal
statute.  Cady, 413
U.S. at 441, 93 S. Ct. at 2528; Corbin, 85 S.W.3d at 276B77.

Analysis

Appellant
does not challenge either the initial stop of his vehicle pursuant to the
community caretaking function or, directly, his ultimate arrest for driving
while intoxicated.  Rather, Appellant
argues that the officer lacked Areasonable
suspicion@ to
detain him after the initial stop.  The trial court found that the officer had
sufficient grounds to believe that further investigation was necessary for
public safety reasons and because it appeared that Appellant was Aimpaired.@








These findings are supported by the record.  On fairly short order after the stop of the
vehicle, the officer learned that Appellant had not only been unaware that his
vehicle was on fire but was unable to determine, after standing on a roadside
with the officer and a profusely smoking vehicle, why he had been stopped.  Appellant smelled of the odor of an alcoholic
beverage, lacked good balance, and had slurred speech and bloodshot eyes.  The officer had seen him operate a vehicle on
a public roadway.  These facts were
sufficient to give rise to a reasonable suspicion that Appellant was engaged in
the criminal activity of driving under the influence of alcohol.  See, e.g., Perales v. State,
117 S.W.3d 434, 439 (Tex. App.BCorpus Christi 2003, pet. ref=d). 
Therefore, it was lawful for the officer to continue his investigation.

Appellant
directs our attention to Loesch v. State, 958 S.W.2d 830 (Tex.
Crim. App. 1997) for the proposition that Areasonable
suspicion@ must be evaluated only in terms of the
information known to the officer at the moment of detention.  But the court in Loesch considered
reasonable suspicion for the stop of a vehicle, not the continued detention of
a motorist after a lawful stop.  The
general rule is that the scope of the detention must be carefully tailored to
its underlying justification.  Kothe
v. State, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004) (citing Florida
v. Royer, 460 U.S. 491, 500, 103 S. Ct. 1319, 75 L. Ed. 2d 229
(1983)).  In this case, reasonable
suspicion that Appellant was intoxicated arose during the time it took the
officer to investigate the burning vehicle and take necessary remedial steps.  Once the officer reasonably suspected that
Appellant was intoxicated, it was reasonable for him to continue his
investigation. 

Appellant=s
other arguments relate to the credibility of the officer=s
testimony and the weight it should be afforded. 
The trial court is in the best position to evaluate the demeanor and
credibility of a witness, and we decline to disturb the trial court=s
findings on those grounds.  See Guzman
v. State, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997).

There were specific articulable facts that
supported Appellant=s
continued detention after the initial traffic stop.  The court did not abuse its discretion when
it overruled Appellant=s
motion to suppress evidence.  We overrule
Appellant=s sole
issue.

 

Disposition

We
affirm the trial court=s
judgment.

    DIANE DEVASTO   

     Justice

Opinion
delivered April 28, 2006.

Panel consisted of Worthen, C.J., Griffith, J., and
DeVasto, J.

 

                                                             (DO
NOT PUBLISH)