NUMBER 13-04-523-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG 

 

                          EX
PARTE: ROMAN VALVERDE PERALES                

 

                       On
appeal from the County Court at Law No. 1 

                                        of
Victoria County, Texas.

 

 

                               MEMORANDUM
OPINION

 

                         Before
Justices Hinojosa, Yañez, and Garza

                            Memorandum
Opinion by Justice Yañez

 

Roman Valverde Perales appeals pro se the
trial court=s denial of the relief sought in his application for
writ of habeas corpus.  In a single
issue, appellant contends the trial court erred in denying relief because he
received ineffective assistance of counsel. 
We affirm the trial court=s order.

                                                                  Background








A jury convicted appellant of misdemeanor driving
while intoxicated (DWI).  The trial court
assessed punishment at 180 days= confinement in the Victoria County Jail, probated
for one year, and a $500.00 fine.  On
direct appeal, appellant generally contended the trial court erred (1) in
denying his motion to suppress, (2) in allowing testimony that lacked proper
foundation, (3) in instructing the jury as to the legality of appellant=s stop, (4) in finding appellant guilty, and (5) in
denying his motion for instructed verdict. 
He also argued the evidence was legally and factually insufficient to
show a traffic law violation.  This Court
overruled each of appellant=s issues and affirmed the trial court=s judgment.[1]  The court of criminal appeals refused
appellant=s petition for discretionary review.[2]  

On August 26, 2004, appellant filed an application
for writ of habeas corpus collaterally attacking his conviction.[3]  In the application, appellant complained he
received ineffective assistance of counsel at trial.  The trial court reviewed the application and
attached affidavit of appellant=s trial counsel. 
The trial court found there were no controverted material facts,
determined no hearing was required, and denied the application.  This appeal ensued.

The trial court has certified that this Ais not a plea-bargain case, and the defendant has
the right of appeal.@[4]








In a single issue, appellant contends he was denied
effective assistance of counsel  because
counsel failed to request jury instructions (1) requiring the jury to find he
was speeding beyond a reasonable doubt before it could consider the offense of
speeding as evidence, and (2) Alimiting the jury=s
consideration of the extraneous traffic offenses evidence the State introduced
against him to the particular theory of relevance as to the context of the
arrest only.@  The State
responds that (1) the charge properly included a beyond-a-reasonable-doubt
instruction regarding the allegation appellant was speeding and (2) the jury
was required to consider whether appellant was speeding because he attacked the
legality of the stop at trial.  The State
also contends appellant has not shown that he was harmed.     

                                                            Standard
of Review








In a habeas corpus proceeding, the applicant has the
burden to prove his claims by a preponderance of the evidence.[5]  In reviewing the trial court's ruling on an
application for writ of habeas corpus, we view the facts in the light most
favorable to the ruling.[6]  We afford almost total deference to the trial
court's determination of historical facts that are supported by the record,
especially when the court's fact findings are based on an evaluation of
credibility and demeanor.[7]  We afford the same level of deference to a
trial court's ruling on an application of law to fact questions if the resolution
of those ultimate questions turns on an evaluation of credibility and demeanor.[8]  We review de novo mixed questions of law and
fact that do not involve credibility and demeanor evaluations.[9]  We will uphold the trial court's ruling
absent an abuse of discretion.[10]


                                                    Applicable
Law

Strickland v. Washington,[11]
sets forth the standard of review for effectiveness of counsel.[12]  Strickland requires a two‑part
inquiry.[13]  The defendant must first show that counsel's
performance was deficient, in that it fell below an objective standard of
reasonableness.[14]  Second, the defendant must further prove
there is a reasonable probability that but for counsel's deficient performance,
the result of the proceeding would have been different.[15]  A reasonable probability is a probability
sufficient to undermine confidence in the outcome.[16]









The determination regarding whether a defendant
received effective assistance of counsel must be made according to the facts of
each case.[17]  An appellate court looks to the totality of
the representation and the particular circumstances of the case in evaluating
counsel's effectiveness.[18]


The appellant bears the burden of proving by a
preponderance of the evidence that counsel was ineffective.[19]  There is a strong presumption that counsel's
conduct fell within the wide range of reasonable professional assistance.[20]  To defeat the presumption of reasonable
professional assistance, Aany allegation of ineffectiveness must be firmly
founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.@[21]  Generally,
the record on direct appeal will be insufficient to show that counsel=s representation was so deficient as to meet the
first part of the Strickland standard.[22]








Article 11.072 of the code of criminal procedure,
which governs appellant's habeas corpus, provides that an application may not
be filed under this article if the applicant could obtain the requested relief
by means of appeal.[23]  Claims of ineffective assistance are
appealable.[24]  However, direct appeal is often an
inappropriate forum in which to bring claims of ineffective assistance.[25]  Therefore, out of an abundance of caution, we
will address appellant=s claims.

                                                                      Analysis

An appellant must support a claim of ineffective
assistance of counsel with evidence.[26]  Where an appellant=s claim of ineffective assistance of counsel is
based upon a failure of counsel to request jury instructions, and the evidence
consists of an uncontroverted affidavit from the lawyer who represented him at
trial that the failure to request those instructions was not the result of a
reasoned trial strategy, then appellant received ineffective assistance of
counsel if it would have been error for the trial court to have refused a
proper request.[27]


The record contains an affidavit from appellant=s trial counsel, in which he states that he failed
to request jury instructions (1) requiring the jury to find beyond a reasonable
doubt that appellant was speeding and (2) limiting the jury=s consideration of the evidence of appellant=s speeding to the purpose of showing the context of
appellant=s arrest.  The
affidavit further states that counsel=s failure to request the instructions was Aan oversight@ and Awas not the result of trial strategy.@

With regard to appellant=s complaint that his counsel was ineffective for
failing to request a beyond-a-reasonable-doubt instruction regarding the
speeding allegation, we conclude that the charge did properly instruct the jury
that it must find that appellant was speeding beyond a reasonable doubt.  The charge stated, in pertinent part,








You
are instructed that under our law no evidence obtained or derived by an officer
or other person as a result of an unlawful stop and detention shall be
admissible in evidence against such accused. 
An officer is permitted, however, to make a temporary investigative
detention of a motorist if the officer has reasonable suspicion that some activity
out of the ordinary is or has occurred, that the person detained is connected
with such activity and that there is some indication that the activity is
related to a crime or a criminal offense. 
Now, bearing in mind these instructions, if you find from the evidence
that on the occasion in question the defendant, ROMAN VALVERDE PERALES, was not
speeding in a public road or highway immediately preceding his stop and
detention by the police officer involved herein, or you have a reasonable doubt
thereof, then such stopping of the accused would be illegal, and if you find
the facts so to be, or if you have a reasonable doubt thereof, you will
disregard the testimony of the officer relative to his stopping the defendant
and his conclusions drawn as a result thereof and you will not consider such
evidence for any purpose whatsoever.

 

Appellant also
complains his counsel was ineffective for failing to request an  instruction limiting the jury=s consideration of the evidence concerning the
allegation of speeding to the purpose of showing the context of the stop.  








In Hammock v. State,[28]
the court of criminal appeals held that a defendant is not entitled to a jury
instruction limiting consideration of evidence unless he makes a
contemporaneous request at the time the evidence is first admitted.[29]  The record before us does not contain a
reporter=s record. 
Appellant=s counsel=s affidavit does not state that he requested a
limiting instruction at trial limiting the jury=s
consideration of the evidence  regarding
the allegation appellant was speeding. 
Because appellant has not established that he requested a limiting
instruction when the evidence concerning the speeding allegation was first
introduced, the evidence was admitted for all purposes and a limiting
instruction was not warranted.[30]  Accordingly, the trial court was not required
to include a limiting instruction in the jury charge.[31]  Because appellant has not shown he was
entitled to a limiting instruction, his counsel was not ineffective for failing
to request such an instruction.[32]  

We overrule appellant=s sole issue and AFFIRM the trial court=s order denying appellant the relief sought by his
application for writ of habeas corpus.    
                                                                             

 

                                                              
                                                       

LINDA REYNA YAÑEZ,

Justice

 

 

 

Do
not publish.  Tex. R. App. P. 47.2(b).

 

Memorandum
opinion delivered and filed 

this
the 8th day of June, 2006.

 

  

 

 











[1]
See Perales v. State, 117 S.W.3d 434, 436 (Tex. App.BCorpus Christi 2003, pet. ref=d). 





[2]  In re Perales,
2004 Tex. Crim. App. LEXIS 577 (Tex. Crim. App. Mar. 31, 2004).





[3]
See Tex. Code
Crim. Proc. Ann. art.
11.072 (Vernon 2005).





[4]
See Tex. R.
App. P. 25.2 (a)(2).





[5]
See Ex parte Peterson, 117 S.W.3d 804, 818 (Tex. Crim.
App. 2003) (per curiam). 





[6]
See id. at 819.  





[7]
Id.  





[8]
See id.





[9]
See id.





[10]
Id.  





[11]
Strickland v. Washington, 466 U.S. 668, 687 (1984).





[12]
See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999).





[13]
Id.  





[14]
Id.





[15]
Id.





[16]
Id.





[17]
Id.





[18]
Id.





[19]
Id. at 813.





[20]
Id.





[21]  McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).





[22]
Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim.
App. 2002).





[23]
See Tex.
Code Crim. Proc. Ann. art. 11.072, ' 3(a) (Vernon 2005). 






[24]
Thompson, 9 S.W.3d at 813-14.   





[25]
See id. at 814 n.5.  





[26]
McFarland, 928 S.W.2d at 500. 





[27]
Ex parte Varelas, 45 S.W.3d 627, 632 (Tex. Crim.
App. 2001).





[28]
Hammock v. State, 46 S.W.3d 889, 895 (Tex. Crim.
App. 2001).





[29]
See id.; see also Reyes v. State,
69 S.W.3d 725, 741 (Tex. App.BCorpus Christi 2002, pet. ref=d).  





[30]
See Hammock, 46 S.W.3d at 895 . 





[31]
Id. (citing Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon Supp. 2005)).





[32]
See Ex parte Varelas, 45 S.W.3d at 632.