Criminal Case Template



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



JAY WHITE,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§



§


§


§


§

No. 08-06-00050-CR


Appeal from the


County Criminal Court No. Two


of El Paso County, Texas


(TC# 20040C17610)


O P I N I O N



 This is an appeal from a conviction for the offense of possession of marijuana in an amount
less than two ounces. Appellant pleaded guilty to the offense, and the court assessed punishment
at a fine of $200. We affirm.

I. SUMMARY OF THE EVIDENCE


 Officer Raul Garcia, Jr. of the El Paso Police Department testified at the hearing on
Appellant's motion to suppress the evidence. He stated that on December 1, 2004, at approximately
11 p.m., he was traveling on the I-10 freeway from the east side of El Paso to the west side, after
working on an accident prevention program. He was moving at between sixty and sixty-five miles
per hour. As he was passing the Executive Center exit, a vehicle sped past him. Officer Garcia
increased his speed in order to catch up with the vehicle. About two or three minutes later, just
before they reached the Sunland Park exit, Officer Garcia caught up with the vehicle, and he began
to pace it for about two miles. The vehicle was traveling at a speed of seventy-five miles per hour,
a speed in excess of the sixty miles per hour speed limit. The officer activated his overhead lights
about a quarter of a mile before the two vehicles got to the Mesa Street exit. Officer Garcia testified
that the distance between the Sunland Park and Mesa exits is about two miles. He also stated that
he believed the distance from the Executive Center exit to the Mesa exit is approximately four miles--at least three miles--but he was not sure of the exact distance. After a brief delay, the vehicle pulled
over to the right shoulder of the freeway. As Officer Garcia approached the vehicle, Appellant rolled
down the car window. The officer observed that Appellant had a glazed look in his eye, and he could
smell alcohol coming from the inside of the vehicle and from Appellant's breath.

 When Officer Garcia told Appellant that he had been speeding and made inquiries, Appellant
had difficulty understanding the questions. He spoke slowly and had slurred speech. Appellant was
asked where he had come from and whether he had been drinking. He responded that he had just
left a downtown nightclub, where he had consumed three drinks. Officer Garcia testified that he
suspected that Appellant had been driving while intoxicated, and he asked him to remove the keys
from the ignition. He explained to Appellant that this was to prevent him from driving off and as
a safety measure for his own safety. Officer Garcia placed the keys on top of the car. Since he was
not certified to conduct field sobriety tests, Officer Garcia requested the dispatcher to send a DWI
unit to the scene. A DWI unit manned by Officer Raul Lom arrived twenty minutes later, at
approximately 11:30 p.m., and Officer Garcia turned the investigation over to him. Neither officer
issued a traffic ticket to Appellant. Officer Garcia testified that Appellant was not under arrest at
the time, but he was not free to leave, as he was suspected of driving while intoxicated.

 After conferring with Officer Garcia regarding why Appellant had been stopped, Officer Lom
approached Appellant and told him that he was suspected of driving while intoxicated. Officer Lom
testified that Appellant had a strong odor of alcohol on his breath, slurred speech, bloodshot eyes,
and he exhibited an unsteady balance. The officer conducted field sobriety tests. Based on the
results of those tests and Officer Lom's own observations, Appellant was arrested. Subsequently,
the officer found a marijuana joint in Appellant's wallet.

II. DISCUSSION


 In Issue No. One, Appellant maintains that the court erred in denying his motion to suppress 
the evidence, because the officer's testimony that he committed a speeding violation was not
credible. We review a motion to suppress evidence by both abuse of discretion and de novo
standards. Guzman v. State, 955 S.W.2d 85, 87-91 (Tex. Crim. App. 1997); Urquhart v. State, 128
S.W.3d 701, 704-05 (Tex. App.--El Paso 2003, pet. ref'd). Purely factual questions, based upon
evaluation of credibility and demeanor of witnesses, require application of the abuse of discretion
standard. Guzman, 955 S.W.2d at 89. Mixed questions of law and fact, which are not dependent
on credibility or demeanor, are reviewed de novo. Id. We review the evidence in the light most
favorable to the trial court's ruling. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). In
a suppression hearing, the trial court is the sole finder of fact. Pace v. State, 986 S.W.2d 740, 744
(Tex. App.--El Paso 1999, pet. ref'd). The trial judge may believe or disbelieve any of the evidence
presented. Id. The totality of circumstances is considered to determine whether the trial court's
findings are supported by the record. In re D.A.R., 73 S.W.3d 505, 509 (Tex. App.--El Paso 2002,
no pet.) (citing Brewer v. State, 932 S.W.2d 161, 166 (Tex. App.--El Paso 1996, no pet.)).

 A law enforcement officer may lawfully stop a motorist when the officer has probable cause
to believe that the motorist has committed a traffic violation. Walter v. State, 28 S.W.3d 538, 542
(Tex. Crim. App. 2000). A routine traffic stop is in the nature of an investigative detention and must
be reasonably related in scope to the circumstances that justified the interference in the first place. 
See Berkemer v. McCarty, 468 U.S. 420, 439 (1984); Davis v. State, 947 S.W.2d 240, 244 (Tex.
Crim. App. 1997). To determine the reasonableness of an investigative detention, we apply the
Terry test: (1) whether the officer's action was justified at its inception, and (2) whether it was
reasonably related in scope to the circumstances that justified the initial interference. See Terry v.
Ohio, 392 U.S. 1, 19-20 (1968); Davis, 947 S.W.2d at 244. An investigative detention may last no
longer than is necessary to carry out the purposes of the stop. Florida v. Royer, 460 U.S. 491, 500
(1983); Davis, 947 S.W.2d at 243. However, if, during the course of a valid investigative detention,
the officer develops a reasonable suspicion that the detainee is engaged in criminal activity, a
continued detention is justified. See State v. Gray, 157 S.W.3d 1, 5 (Tex. App.--Tyler 2004), aff'd,
158 S.W.3d 465 (Tex. Crim. App. 2005). The officer must be able to point to specific articulable
facts, which, based on his experience and personal knowledge, coupled with logical inferences drawn
from these facts, warrant the additional intrusion. Davis, 947 S.W.2d at 244. Whether the officer's
suspicion is reasonable is determined from the totality of the circumstances. Woods v. State, 956
S.W.2d 33, 38 (Tex. Crim. App. 1997).

 In the present case, Appellant argues that Officer Garcia's testimony that Appellant was
speeding was incredible, in that the officer's location, the alleged speed of the vehicles, and the
location of the stop are inconsistent with the officer's recitation of the distances and speeds involved. 
Appellant reasons that the figures given by Officer Garcia indicate that he would have stopped
Appellant well beyond where he was stopped; therefore, Appellant was traveling within the speed
limit. However, Appellant presumes an exactness in the testimony that was not evident at trial. 
Officer Garcia testified in approximations and stated that he was unsure of the distances that he
related. The court could well have disregarded the officer's testimony that was inconsistent with the
location of the stop. This was a matter for the trial court to resolve. Issue No. One is overruled.

 In Issue No. Two, Appellant asserts that Officer Garcia's detention of him exceeded the
scope of a permissible Terry stop. Specifically, Appellant contends that his detention was not
reasonably related in scope to the circumstances that justified the initial interference. See Terry, 392
U.S. at 19-20. A seizure that is reasonable at its inception may violate the Fourth Amendment by
virtue of its excessive intensity and scope. Davis, 947 S.W.2d at 243. Thus, an investigative
detention must be temporary and must last no longer than is necessary to effectuate the purpose of
the stop. See Royer, 460 U.S. at 500. Once the reason for the stop has been satisfied, the stop may
not be used as a "fishing expedition for unrelated criminal activity." Davis, 947 S.W.2d at 243
(quoting Ohio v. Robinette, 519 U.S. 33, 41 (1996) (Ginsberg, J., concurring)). "There is, however,
no constitutional stopwatch on traffic stops. Instead, the relevant question in assessing whether a
detention extends beyond a reasonable duration is 'whether the police diligently pursued a means
of investigation that was likely to confirm or dispel their suspicions quickly.'" United States v.
Brigham, 382 F.3d 500, 511 (5th Cir. 2004) (quoting United States v. Sharpe, 470 U.S. 675, 686
(1985)). An investigative detention following a traffic stop may last as long as is reasonably
necessary to effectuate the purpose of the stop. Brigham, 382 F.3d at 512. The Supreme Court has
expressly rejected placing a rigid time limitation on Terry investigative detentions. Kothe v. State,
152 S.W.3d 54, 64-65 (Tex. Crim. App. 2004) (citing Sharpe, 470 U.S. at 685-86) (declining to
"establish a per se rule that a 20-minute detention is too long" under Terry).

 Appellant argues that Officer Garcia's failure to issue a speeding citation and his suspicion
that Appellant was intoxicated were unreasonable. Further, Appellant reasons that the delay while
waiting for the DWI unit to arrive was so long that it rendered the detention unreasonable. However,
facts that come to an officer's attention during the course of a routine traffic stop may justify a
continued detention and may broaden the investigation. Razo v. State, 577 S.W.2d 709, 711 (Tex.
Crim. App. 1979). In this instance, the external indications that Appellant was intoxicated and his
response that he had been drinking certainly justified the broadening of the investigation. See
Perales v. State, 117 S.W.3d 434, 439 (Tex. App.--Corpus Christi 2003, pet. ref'd).

 Concerning the delay before the arrival of the DWI unit, the issue is whether the police were
diligent in pursuing an investigation which was likely quickly to confirm or dispel their suspicions,
so as to justify the continued detention. Kothe, 152 S.W.3d at 64. In this instance, Officer Garcia
stopped Appellant at about 11 p.m. While speaking with him, the officer smelled a strong odor of
alcohol and observed glazed eyes and slurred and slowed speech. Appellant admitted to having
consumed three drinks. Based on this, Officer Garcia requested a DWI unit to perform the field
sobriety tests, and that unit arrived twenty minutes later. Based on these circumstances, we do not
find that the continued detention was unreasonable. See Sharpe, 470 U.S. at 683-86. Issue No. Two
is overruled.

 In Issue No. Three, Appellant contends that the seizure of his person and the taking of his
keys resulted in a de facto arrest, which was not supported by probable cause. Individuals detained
pursuant to a traffic stop are not in custody. State v. Waldrop, 7 S.W.3d 836, 839 (Tex. App.--Austin
1999, no pet.). In this instance, Officer Garcia's suspicion that Appellant was intoxicated had not
been dispelled or confirmed; therefore, he was still being detained and was not free to leave. See id. 
Furthermore, allowing Appellant to leave or retain his keys could well have posed a danger to
himself and others. See Texas Dep't of Pub. Safety v. Vasquez, No. 08-04-00181-CV, --- S.W.3d
---, 2005 WL 2012732, at *7 n.2 (Tex. App.--El Paso Aug. 23, 2005, no pet.) (not yet reported). We
find that Appellant was not under arrest. Issue No. Three is overruled.

 The judgment of the trial court is affirmed.


 KENNETH R. CARR, Justice

March 22, 2007


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)