

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00149-CR

DENNIS RAY COOK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 1
Lubbock County, Texas
Trial Court No. 2012-472,011, Honorable Mark Hocker, Presiding

October 30, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Dennis Ray Cook, appearing *pro se,* appeals his conviction for the offense of public intoxication and the resulting fine of $50. Through one issue, he challenges the court's denial of his motion to suppress. We will affirm.

Background

Appellant was charged via information with the offense of public intoxication. He filed a "motion to suppress illegal arrest," on which the court held a hearing. Officer

David Babcock with the Texas Tech University Police Department was the only witness to testify at the hearing.

His testimony showed Babcock was on duty during a Texas Tech home football game in November 2011 when he received a dispatch that a Department of Public Safety trooper had reported a person was "passed out" on the sidewalk. Babcock and two other officers responded to the location, "on a sidewalk near the north end of Dan Law Field, near Drive of Champions and the entrance way into the parking lot of Dan Law Field." When the officers arrived, they found appellant lying on the sidewalk, an area Babcock testified was a public place.

Babcock approached appellant, finding him to be disoriented with a "dazed-type look" and slurred speech. Babcock also smelled a strong odor of alcohol coming from appellant's breath and body. Appellant's eyes were red, watery, glassy, and bloodshot. Babcock told the court that once appellant had been helped to his feet, "he was swaying and appeared to be unbalanced on his feet," and required assistance to walk.

Babcock testified he saw a cut on the bridge of appellant's nose and a bruise on his cheek. He said he asked appellant "what happened," but appellant did not want to answer. When Babcock attempted to question him further, appellant told him he was a law student, that he knew the law, and that he did not have to answer any questions. Appellant also told the officer that it was not any of his business and that he knew what he could say and what he did not have to say. Babcock testified appellant said these things with an "attitude."

Babcock placed appellant under arrest, handcuffed him, and placed him in a police unit to await the EMS van. The officer explained to the court that the medical responders would determine whether appellant should be taken to the hospital or could be taken to jail. Appellant was taken to jail.

During testimony regarding the circumstances that caused him to believe appellant was then a danger to himself or others, Babcock explained that appellant could have walked out into the street, walked out in front of a car exiting or entering the parking lot or been hit by a bus.

The trial court heard argument and denied the motion to suppress. The case was heard by a jury in January 2014. Officer Babcock testified as the sole State's witness during the guilt-innocence phase of trial; appellant testified as the sole defense witness. The jury found appellant guilty of the offense of public intoxication and punishment was assessed as noted. This appeal followed.

## Analysis

Through his sole issue on appeal, appellant argues the trial court abused its discretion in denying his motion to suppress because probable cause did not exist to arrest him for the offense of public intoxication. Appellant challenges only the reasonableness of Babcock's conclusion he was, at the time of his arrest, a danger to himself or others. He does not contest the evidence he was intoxicated or that showing he was in a public place.

A trial court's ruling on a motion to suppress is generally reviewed for abuse of discretion. TEX. CODE CRIM. PROC. ANN. art. 28.01(1)(6) (West 2012); *Oles v. State,* 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). We review a trial court's ruling on a motion to suppress under the bifurcated standard enunciated in *Guzman v. State*, 955 S.W.2d 85, 87-88 (Tex. Crim. App. 1997). In a suppression hearing, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given to their testimony. *Rodriguez v. State*, 191 S.W.3d 428, 440 (Tex. App—Corpus Christi 2006, pet. ref'd), *citing State v. Ballard,* 987 S.W.2d 889, 891 (Tex. Crim. App. 1999).

In reviewing a trial court's ruling on a motion to suppress, we give almost total deference to the trial court's determination of historical facts and application-of-law-to-fact questions that turn on credibility and demeanor. *Perales v. State*, 117 S.W.3d 434, 437 (Tex. App.—Corpus Christi 2003, no pet.). We review *de novo* application-of-law-to-fact questions that do not turn on credibility and demeanor. *Id.* In the absence of explicit fact findings, we assume that the trial court's ruling is based on implicit fact findings supported in the record. *Perales*, 117 S.W.3d at 437; see *Carmouche v. State*, 10 S.W.3d 323, 332 (Tex. Crim. App. 2000) (recognizing implicit fact findings). We then review *de novo* whether the facts, express or implied, are sufficient to provide legal justification for admitting the complained-of evidence. *Garcia v. State,* 43 S.W.3d 527, 530 (Tex. Crim. App. 2001).

A person commits the offense of public intoxication if he appears in a public place while intoxicated to the degree that he may endanger himself or another. TEX. PENAL CODE ANN. § 49.02 (West 2003). The test for whether probable cause exists for a public intoxication arrest is whether the officer's knowledge at the time of the arrest

4

would warrant a prudent person in believing that a suspect, albeit intoxicated, was in any way a danger to himself or another person. *Rodriguez,* 191 S.W.3d at 445-46, *citing Britton v. State*, 578 S.W.2d 685, 687 (Tex. Crim. App. [Panel Op.] 1978). Proof of potential danger to the defendant or others is enough to satisfy the endangerment requirement for the offense of public intoxication. *Riggan v. State,* No. 07-09-00227-CR, 2011 Tex. App. LEXIS 5497, at *5-6 (Tex. App.—Amarillo July 19, 2011, pet. ref'd) (mem. op., not designated for publication), *citing Segura v. State,* 826 S.W.2d 178, 184 (Tex. App.—Dallas 1992, pet. ref'd) (applying former version of public intoxication statute).

The existence of probable cause depends on the totality of the circumstances. *Amores v. State,* 816 S.W.2d 407, 413 (Tex. Crim. App. 1991). Probable cause for a warrantless arrest requires that the officer have a reasonable belief that, based on facts and circumstances within the officer's personal knowledge, or of which the officer has reasonably trustworthy information, an offense has been committed. *Torres v. State,* 182 S.W.3d 899, 901 (Tex. Crim. App. 2005). When a court deals with probable cause, it deals with probabilities. *Illinois v. Gates,* 462 U.S. 213, 232, 103 S.Ct. 2317, 76 L.Ed 527(1982); *Guzman,* 955 S.W.2d at 87. A showing of probable cause requires less evidence than is necessary to support a conviction. *Guzman,* 955 S.W.2d at 87, *Segura,* 826 S.W.2d at 182.

From Babcock's testimony, the trial court could have determined that the officer found appellant in an intoxicated and disoriented state lying on the sidewalk, at a

location[1] and time of heavy traffic[2] associated with a home football game; that appellant then exhibited wounds to his nose and face, the cause of which were unknown; and that appellant, when assisted to his feet, was unsteady and swaying. Based on those facts, the trial court rather clearly could have agreed with Babcock's conclusion that appellant was in danger of injury from the traffic.[3] *See Patterson v. State,* No. 01-11-00054-CR, 2012 Tex. App. LEXIS 1584, at *11-12 (Tex. App.—Houston [1st Dist.] March 1, 2012, no pet.) (mem. op., not designated for publication) (rejecting contention similar testimony was "too speculative" to satisfy danger requirement; collecting cases).

The suppression hearing testimony gave the trial court evidence on which to conclude the arresting officer had probable cause to believe appellant was intoxicated in a public place to the degree he posed a danger to himself or others, and thus was committing the offense of public intoxication. The court did not abuse its discretion in denying appellant's motion to suppress.

---

[1] We take judicial notice that Dan Law Field is Texas Tech's baseball field, located about one block west of its football stadium on the campus. *See* TEX. R. EVID. 201.

[2] Babcock agreed, on cross-examination, that he considered "the amount of foot traffic and vehicular traffic on [the adjacent street] to be "unsafe," and agreed he considered "a person demonstrating the degree of intoxication that [appellant] did at that close proximity to a street with that much vehicular, including busses, and pedestrian traffic in danger."

[3] Indeed, we think Babcock's testimony that appellant was in danger of being hit by a car or bus in the adjacent street and parking lot entrance provided only a partial list of apparent dangers to himself and others from appellant's circumstances. A person lying on the sidewalk in an area of such heavy pedestrian traffic is at risk of being stepped on or stumbled over by passing pedestrians.

Conclusion

We resolve appellant's sole issue against him and affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.