MILLS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-190-CR

JOE ELBERT MILLS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 7 OF TARRANT COUNTY

------------

OPINION ON STATE’S PETITION FOR DISCRETIONARY REVIEW

------------

I.  Introduction

A jury convicted Appellant Joe Elbert Mills of driving while intoxicated (DWI), and the trial court assessed punishment at ninety days’ confinement and a $500 fine.  In two points, Appellant complains about the factual sufficiency of the evidence to support the jury’s verdict and the trial court’s decision to allow the admission of radar gun results absent any showing of admissibility of such results under rule 702 of the rules of evidence.  On August 30, 2002, we issued an opinion and judgment reversing the judgment and remanding the case for a new trial.  The State has filed a petition for discretionary review in the court of criminal appeals.  Pursuant to Texas Rule of Appellant Procedure 50, we withdraw our opinion and judgment and substitute the following opinion and accompanying judgment affirming the trial court’s judgment.

II.  Background

On October 14, 2000, Officer Marcellous Anderson with the Texas Department of Public Safety stopped Appellant for traveling seventy-two miles per hour in a sixty mile-per-hour zone.  When Officer Anderson approached Appellant, he noticed a moderate smell of alcohol emanating from the vehicle and that Appellant’s eyes were red and glassy.  Appellant failed a number of field sobriety tests, and he was arrested.

III.  Admissibility of the Radar Gun Evidence

In his second point, Appellant argues the trial court erred in allowing Officer Anderson to testify about the results of the radar gun without a showing of its admissibility under rule 702 of the rules of evidence and 
Kelly v. State
.  
Tex. R. Evid.
 702; 
Kelly v. State
, 824 S.W.2d 568 (Tex. Crim. App. 1992).  During trial, Appellant objected to Officer Anderson’s testimony concerning the radar gun results on the ground that “[t]here hasn’t been any showing that

. . . verification, how he would know that, if instruments were used, the verity [sic] of those instruments, seven-oh-four [sic] -- whether there is a scientific theory behind those instruments, and whether or not those scientific theories are, in fact, valid.”  Appellant then took Officer Anderson on voir dire, during which he questioned him about his knowledge of the underlying scientific theories of the radar gun.  The State argues that Appellant’s objections were too general and did not specify that he was complaining about the State’s failure to satisfy the 
Kelly
 requirements for the reliability of scientific evidence.  
See Kelly
, 824 S.W.2d at 573.

To preserve a complaint for our review, a party must have presented to the trial court a specific objection, request, or motion, or must state the specific grounds for the objection if it is not apparent from the context.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).  In 
Kelly
, the court of criminal appeals established a set of factors that the proponent of expert testimony or evidence based on scientific theory must show by clear and convincing evidence before the proposed evidence may be introduced.  To be considered reliable, evidence based on a scientific theory must satisfy three criteria:  (1) the underlying scientific theory must be valid; (2) the technique applying the theory must be valid; and (3) the technique must have been properly applied on the occasion in question.  
Kelly
, 824 S.W.2d at 573.  While the State argues that Appellant’s objection to the radar gun results was not sufficiently specific to preserve error, we note that Appellant’s objection specifically complained of the validity of the scientific theories and the veracity of the instruments used to test those theories, which constitute two of the three 
Kelly
 requirements of reliability.  As such, we believe that while Appellant’s objection is not the picture of clarity, the context of his objection made clear that he was contesting the radar gun’s reliability under 
Kelly
.  Consequently, we hold that Appellant preserved error on his complaint, and we will address his complaint on its merits.

In 
Hartman v. State
, 946 S.W.2d 60, 63 (Tex. Crim. App. 1997), the court concluded that the 
Kelly
 factors apply to all evidence based on a scientific theory and not just to evidence based on novel scientific theories.  Relying on this and the court of criminal appeals’ ruling in 
Kelly
, the El Paso Court of Appeals concluded that “although radar is a familiar concept, it is based on a scientific theory and therefore subject to proof of reliability and relevance under 
Kelly
.”  
Ochoa v. State
, 994 S.W.2d 283, 284 (Tex. App.—El Paso 1999, no pet.).

Pursuant to 
Ochoa
, Appellant argues that Officer Anderson’s testimony concerning the radar gun was subject to the 
Kelly
 requirements for admitting scientific evidence under rule 702 of the rules of evidence. 
 
Tex. R. Evid.
 702;
 Kelly
, 824 S.W.2d at 573.  More recently, however, the Texarkana Court of Appeals held that even under 
Kelly
, the underlying scientific principles of radar are indisputable and valid as a matter of law:

When dealing with well-established scientific theory, 
Kelly's
 framework provides courts flexibility to utilize past precedence and generally accepted principles of science to conclude its theoretical validity as a matter of law. To strictly construe 
Kelly
 otherwise would place a significant burden on judicial economy by requiring parties to bring to court experts in fields of science that no reasonable person would challenge as valid. . . .

. . . .

. . . [I]n 1979 the Texas Court of Criminal Appeals in 
Masquelette 
[
v. State
], 579 S.W.2d [478,] 481 [(Tex. Crim. App. [Panel Op.] 1979)], pronounced once and for all that the State is not required to call an expert witness to establish the underlying theory of radar.

 

Although 
Kelly
 modified the pre-existing scheme for determining the admissibility of scientific evidence, it also provides flexibility to courts to apply both generally-accepted scientific principles and previous legal determinations.

In light of society's widespread use of radar devices, and considering other courts' acceptance of radar, we view the underlying scientific principles of radar as indisputable and valid as a matter of law.

Maysonet v. State
, No. 06-01-00024-CR, slip op. at 7-9, 2002 WL 31306609, at *3-4 (Tex. App.—Texarkana Oct. 16, 2002, no pet. h.).  We agree with the principles enunciated in 
Maysonent
 and hold that the underlying scientific principles of radar are indisputable and valid as a matter of law
.  Our holding, however, only concludes that the underlying scientific theory of radar is valid.
  Under 
Kelly
, the State must still establish that the officer applied a valid technique and that it was correctly applied on the particular occasion in question.  
Kelly
, 824 S.W.2d at 573; 
Maysonet
, slip op. at 9, 2002 WL 31306609, at *4
.

Officer Anderson’s testimony concerning his use of the radar gun was as follows:

[STATE:]  What training in radar have you received?

[OFFICER ANDERSON:]  Well, like I say, we have a class also while we went through the academy to get certified to operate the radar as far as setting it up and mounting it, and like I say, a lot of on-the-job training as far as using it every day.

[STATE:]  Okay.  So as a police officer, you have operated a radar?

[OFFICER ANDERSON:]  Yes, ma’am.

[STATE:]  Okay, and how often have you operated a radar unit?

[OFFICER ANDERSON:]  Several times.

[STATE:]  Okay.  What does a radar unit consist of?

[OFFICER ANDERSON:]  As far as the antenna and the box that shows, I guess, the speed.

[STATE:]  How does the radar unit operate?

[OFFICER ANDERSON:]  Well, if you have a -- We have a button outside our car.  You turn it on at the front and the rear, and once it picks up a vehicle’s speed, it sends out like waves, which hits the vehicle and comes back to the radar, and then it prints out the speed of the vehicle on the radar.

[STATE:]  Are there tests you conduct to determine if the radar unit is working properly?

[OFFICER ANDERSON:]  Yes, ma’am.

[STATE:]  And what are those tests?

[OFFICER ANDERSON:]  At the beginning of each shift, we have tuning forks in our car, which we use to calibrate our radar at the beginning and end of the shift, and every time we stop a vehicle, we also have an in-car calibration, which you hit a button and it flashes some numbers to let you know that your radar is working properly.

[STATE:]  On October . . . 14
th
 of 2000, did you calibrate your radar?

[OFFICER ANDERSON:]  Yes, ma’am.

[STATE:]  Did you determine that it was functioning properly?

[OFFICER ANDERSON:]  That’s correct, ma’am.

[STATE:]  How did you conduct this calibration on this date?

[OFFICER ANDERSON:]  Well, at the beginning of the shift I used my tuning forks, and I don’t remember exactly how many stops I had made before this one as far as speeding or anything.

[STATE:]  Did you calibrate your unit at any other time during your patrol shift?

[OFFICER ANDERSON:]  Yes, ma’am.

[STATE:]  And when was that?

[OFFICER ANDERSON:]  Well, I know -- like I say, after this situation here, I went back to work and stopped other vehicles.

[STATE:]  Okay.  On all of these occasions, did you find your radar was working properly?

[OFFICER ANDERSON:]  Yes, ma’am.

We hold that this testimony was sufficient to satisfy the second and third prongs of 
Kelly
.  Thus, the trial court did not abuse its discretion in allowing Officer Anderson to testify regarding the results of the radar gun.  We overrule point two.

IV.  Factual Sufficiency of the Evidence

In Appellant’s first point, he challenges the factual sufficiency of the evidence to sustain his conviction.  
In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. 
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 
129 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the verdict
, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  
In performing this review, we are to give due deference to the fact finder’s determinations. 
 Id.
 at 8-9; 
Clewis, 
922 S.W.2d at 136.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Johnson
, 23 S.W.3d at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

The evidence at trial showed that when Officer Anderson pulled Appellant over for speeding that an odor of alcohol emanated from his mouth.  Appellant’s eyes were light red and glassy, and he was unsteady on his feet when trying to walk.  Officer Anderson administered three field sobriety tests, and Appellant failed all three of them.  Appellant also admitted to drinking and refused to take a breath test.  Based on Officer Anderson’s training and experience, he testified that in his opinion Appellant had lost the normal use of his mental and physical faculties and that Appellant was intoxicated by reason of the introduction of alcohol.  We hold that this evidence was factually sufficient to sustain Appellant’s conviction for DWI.

Appellant argues, however, that the evidence is factually insufficient because Officer Anderson failed to readminister the sobriety tests in the “video room” of the police station, which had the effect of denying the jury the “best evidence” of Appellant’s intoxication.  Appellant cites no authority in support of his argument that the State is required to present the “best evidence” of intoxication to sustain a conviction for DWI.  
See
 
Tex. R. App. P.
 38.1(h); 
Rocha v. State
, 16 S.W.3d 1, 20 (Tex. Crim. App. 2000).  Because the evidence was factually sufficient to sustain the conviction, we overrule Appellant’s first point.

V. Conclusion

Having overruled Appellant’s two points, we affirm the trial court’s judgment.  

SAM J. DAY

JUSTICE

 

PANEL A: DAY and GARDNER, JJ.; and WILLIAM BRIGHAM (Senior Justice, Retired, Sitting by Assignment).

PUBLISH

[Delivered: December 6, 2002]