LATSHAW V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-034-CR

CRAIG MATTHEW LATSHAW APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant Craig Matthew Latshaw appeals his four-year sentence and $10,000 fine for felony driving while intoxicated (DWI).  In his sole point, appellant argues that the evidence is factually insufficient to support the verdict.  We affirm.

II. Background Facts

On September 30, 2004, Daniel Lancaster, the passenger, and his wife, the driver, were on Highway 121 in Tarrant County when they exited on Murphy Drive and saw the black Chevy Tahoe in front of them bump into the left curb a couple of times, veer directly across the road from the left lane to the right lane, and then stop on the shoulder near an intersection.  The Lancasters drove past the car and saw that appellant, the driver, was slumped against the window.  Concerned, the Lancasters turned back, pulled behind the Tahoe, and called 911.

Officer Henriikka Flesner arrived on the scene shortly thereafter; when she  turned on her lights, appellant abruptly made a left turn from the right shoulder of the road, crossed several lanes, and ran a red light to cross the intersection.  After running the red light, appellant immediately pulled over.  When Officer Flesner approached appellant, she smelled alcohol on or around him and noticed that his speech was slurred and his eyes were heavy and watery.  She asked appellant to step out of the car and administered three standardized field sobriety tests.  Appellant performed poorly on these tests, and Officer Flesner placed him under arrest for DWI.  Officer Flesner had an “assist officer” with her who searched the car and found a cup of liquid which “had an odor of an alcoholic beverage to it.”
(footnote: 2)  When questioned, appellant initially admitted to drinking four beers that night.

At the police station, appellant agreed to take a breath test and told Officer Flesner that he had consumed vodka and was under the influence of alcohol.  Appellant also believed that it was only 11:30 p.m. when it was actually around 1:00 a.m. and thought the date was September 27 when it was actually September 30.  No one at the Bedford Police Department was certified to conduct the breath intoxilyzer test, so Officer Flesner drove appellant approximately five miles to the Euless Police Department; once there, appellant refused to take the breath test.

Consequently, appellant was charged with felony DWI.
(footnote: 3)  On January 31, 2006, a jury found appellant guilty and assessed his punishment at four-years’ confinement and a $10,000 fine.  This appeal followed.

III. Factual Sufficiency

In his sole point, appellant complains that the evidence is factually insufficient to sustain his conviction.  Specifically, appellant argues that the State failed to establish that the symptoms he exhibited at the scene were caused by intoxication and not by a reaction to diabetic medication.
 
 

A.  Standard of Review

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.  
Watson v. State
, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder’s determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust.  
Watson
, 204 S.W.3d at 414-15, 417; 
Johnson v. State
, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict.  
Watson
, 204 S.W.3d at 417.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court “harbor a subjective level of reasonable doubt to overturn [the] conviction.”
 
 Id
.  We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury’s resolution of a conflict in the evidence.  
Id
.  We may not simply substitute our judgment for the fact-finder’s.  
Johnson
, 23 S.W.3d at 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a different result is appropriate, we must defer to the jury’s determination of the weight to be given contradictory testimonial evidence because resolution of the conflict “often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered.” 
Johnson
, 23 S.W.3d at 8.  Thus, we must give due deference to the fact-finder’s determinations, “particularly those determinations concerning the weight and credibility of the evidence.”  
Id
. at 9.

An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  

B.  Applicable Law

A person commits the offense of DWI if he is intoxicated while operating a motor vehicle in a public place.  
Tex. Penal Code 
Ann.
 §
 49.04(a) (Vernon 2003).  “Intoxicated” is defined as not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, or any other substance into the body,
 or having an alcohol concentration of 0.08 or more.
  
Id.
 § 49.01(2)(A)-(B).
 

C.  Analysis

At trial, Lancaster, the witness who called 911, testified that he saw appellant’s Tahoe bump into the curb several times and then veer directly from the left lane to the right lane before stopping on the shoulder.  When Lancaster and his wife drove past the Tahoe, they saw appellant slumped against the driver’s side window.  Lancaster and his wife next pulled behind the Tahoe, called the police, and waited for them to arrive.  Lancaster watched the vehicle stay in the same position for several light cycles without moving forward.  

Officer Flesner testified that when she arrived on the scene and turned on her lights, appellant pulled off the shoulder and onto the road, crossed several lanes, and ran a red light.  After running the red light, appellant immediately pulled over.  Officer Flesner approached, smelled alcohol, and noticed that appellant’s speech was slurred and eyes were heavy and watery.  Appellant also had trouble finding his driver’s license.  Appellant told Officer Flesner that he was taking Ephramil, a diabetic drug, but also admitted to drinking four beers that night.  The “assist officer” searched appellant’s vehicle and found a cup of liquid that smelled like alcohol. 

Suspecting that appellant was intoxicated, Officer Flesner asked him to participate in field sobriety tests; appellant complied.
(footnote: 4)  Appellant exhibited six out of six clues for intoxication when he took the horizontal-gaze-nystamus test.  In his second test, the walk-and-turn, appellant exhibited seven out of the eight clues for intoxication.  Appellant could not perform the one-leg-stand test. 

At the station, appellant initially agreed to take the breath test; however, when the officers found a certified operator to conduct the test, appellant refused to cooperate.  Appellant also admitted that he had been drinking vodka and was intoxicated.  Further, appellant claimed that he had not been driving that night, and he was confused about the date and time.

Appellant argues an “alternative reasonable hypothesis,” claiming that his symptoms at the scene were caused by a diabetic incident instead of intoxication.  Appellant told Officer Flesner that he was taking Ephramil, but never told her that he had diabetes, epilepsy, or any other type of medical condition.  He also told Officer Flesner that his last doctor’s visit had been six months prior to the arrest.  Importantly, appellant presented no witnesses or other evidence at trial to support his alternative hypothesis.  

Even if appellant was on medication—and there is no evidence that he was—this hypothesis does not explain the smell of alcohol around him, the cup of liquid that smelled like alcohol, his admissions that he had drank vodka and four beers and was intoxicated, or his refusal to submit to a breath exam. Further, the jury had the opportunity to consider appellant’s alternative hypothesis as well as the conflicting evidence, including a tape of appellant’s performance during the field sobriety tests, and determined that appellant’s hypothesis was not persuasive. 

Given the evidence of intoxication and the lack of evidence regarding appellant’s alternative hypothesis, the jury’s conclusion was not manifestly unjust.  
See Johnson v. State
, No. 02-03-00511-CR, 2005 WL 2100450, at *2 (Tex. App.—Fort Worth Aug. 31, 2005, no pet.) (not designated for publication) (holding that although defendant’s sprained ankle and blind right eye explained his poor performance on some sobriety tests, the disabilities did not explain his poor performance on all the tests, the odor of alcohol, his refusal to submit a breath sample, or his personal admission that he drank);
 Mills v.  State
, 99 S.W.3d 200, 204 (Tex. App.—Fort Worth 2002, pet. ref’d) (holding evidence factually sufficient where defendant’s breath smelled like alcohol, his eyes were red and glassy, his posture unsteady, he failed sobriety tests, and he personally admitted to drinking and refused to give a breath sample);
 Cox v. State,
 No. 14-97-00040-CR,
 
1999 WL 212268, at *1 (Tex. App.—Houston [14th Dist.] Apr. 8, 1999, pet.  ref’d) (not designated for publication) 
(holding that evidence was factually sufficient to support verdict for DWI when appellant told the officer he was a diabetic and had taken some medication but smelled of alcohol, had bloodshot eyes, slurred speech, and refused to perform sobriety field tests). 

Giving due deference to the fact-finder’s determination that appellant was intoxicated, and after considering all the evidence in a neutral light, we conclude that the evidence was factually sufficient to uphold this finding.  
Watson
, 204 S.W.3d at 414-15, 417
; 
Johnson 
23 S.W.3d at 11. 

IV. Conclusion

We overrule appellant’s sole point and affirm the trial court’s judgment. 

TERRIE LIVINGSTON

JUSTICE

PANEL F: LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: July 26, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The officers never determined what the liquid in the cup was.

3:
The parties stipulated to appellant’s two prior DWI convictions.  
See 
Tex. Penal Code Ann
.
 § 
49.09(b)(2) (Vernon Supp. 2006
) (
providing that an offense under section 49.04 is a felony of the third degree if it is shown at trial that the person has been previously convicted two times of any other offense relating to the operating of a motor vehicle while intoxicated)
.

4:
Officer Flesner’s patrol car was equipped with a video camera.  Therefore, at trial, the jury was able to review the video detailing appellant’s behavior at the scene.