COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-06-034-CR

 

CRAIG MATTHEW LATSHAW                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I. Introduction

Appellant Craig Matthew
Latshaw appeals his four-year sentence and $10,000 fine for felony driving
while intoxicated (DWI).  In his sole
point, appellant argues that the evidence is factually insufficient to support
the verdict.  We affirm.

II. Background Facts








On September 30, 2004, Daniel
Lancaster, the passenger, and his wife, the driver, were on Highway 121 in
Tarrant County when they exited on Murphy Drive and saw the black Chevy Tahoe
in front of them bump into the left curb a couple of times, veer directly
across the road from the left lane to the right lane, and then stop on the
shoulder near an intersection.  The
Lancasters drove past the car and saw that appellant, the driver, was slumped
against the window.  Concerned, the
Lancasters turned back, pulled behind the Tahoe, and called 911.

Officer Henriikka Flesner
arrived on the scene shortly thereafter; when she  turned on her lights, appellant abruptly made
a left turn from the right shoulder of the road, crossed several lanes, and ran
a red light to cross the intersection. 
After running the red light, appellant immediately pulled over.  When Officer Flesner approached appellant,
she smelled alcohol on or around him and noticed that his speech was slurred
and his eyes were heavy and watery.  She
asked appellant to step out of the car and administered three standardized
field sobriety tests.  Appellant
performed poorly on these tests, and Officer Flesner placed him under arrest
for DWI.  Officer Flesner had an Aassist officer@ with her
who searched the car and found a cup of liquid which Ahad an odor of an alcoholic beverage to it.@[2]  When questioned, appellant
initially admitted to drinking four beers that night.








At the police station,
appellant agreed to take a breath test and told Officer Flesner that he had
consumed vodka and was under the influence of alcohol.  Appellant also believed that it was only
11:30 p.m. when it was actually around 1:00 a.m. and thought the date was
September 27 when it was actually September 30. 
No one at the Bedford Police Department was certified to conduct the
breath intoxilyzer test, so Officer Flesner drove appellant approximately five
miles to the Euless Police Department; once there, appellant refused to take
the breath test.

Consequently, appellant was
charged with felony DWI.[3]  On January 31, 2006, a jury found appellant
guilty and assessed his punishment at four-years= confinement and a $10,000 fine. 
This appeal followed.

III. Factual Sufficiency

In his sole point, appellant
complains that the evidence is factually insufficient to sustain his
conviction.  Specifically, appellant
argues that the State failed to establish that the symptoms he exhibited at the
scene were caused by intoxication and not by a reaction to diabetic medication.
 








A.  Standard of Review

When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas
v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
fact-finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact-finder=s
determination is manifestly unjust.  Watson,
204 S.W.3d at 414-15, 417; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).  To reverse under the second
ground, we must determine, with some objective basis in the record, that the
great weight and preponderance of all the evidence, though legally sufficient,
contradicts the verdict.  Watson,
204 S.W.3d at 417.








In determining whether the
evidence is factually insufficient to support a conviction that is nevertheless
supported by legally sufficient evidence, it is not enough that this court Aharbor a subjective level of reasonable doubt to overturn [the]
conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the jury or
because we disagree with the jury=s resolution of a conflict in the evidence.  Id. 
We may not simply substitute our judgment for the fact-finder=s.  Johnson, 23 S.W.3d at
12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s determination of the weight to be given contradictory testimonial
evidence because resolution of the conflict Aoften turns on an evaluation of credibility and demeanor, and those
jurors were in attendance when the testimony was delivered.@ Johnson, 23 S.W.3d at 8. 
Thus, we must give due deference to the fact-finder=s determinations, Aparticularly those determinations concerning the weight and credibility
of the evidence.@  Id. at 9.

An opinion addressing factual
sufficiency must include a discussion of the most important and relevant
evidence that supports the appellant=s complaint on appeal.  Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  

B.  Applicable Law

A person commits the offense
of DWI if he is intoxicated while operating a motor vehicle in a public
place.  Tex.
Penal Code Ann. ' 49.04(a) (Vernon
2003).  AIntoxicated@ is defined as not
having the normal use of mental or physical faculties by reason of the
introduction of alcohol, a controlled substance, or any other substance into
the body, or having an alcohol concentration of 0.08 or more.  Id. ' 49.01(2)(A)-(B).  








C.  Analysis

At trial, Lancaster, the
witness who called 911, testified that he saw appellant=s Tahoe bump into the curb several times and then veer directly from
the left lane to the right lane before stopping on the shoulder.  When Lancaster and his wife drove past the
Tahoe, they saw appellant slumped against the driver=s side window.  Lancaster and
his wife next pulled behind the Tahoe, called the police, and waited for them
to arrive.  Lancaster watched the vehicle
stay in the same position for several light cycles without moving forward.  

Officer Flesner testified
that when she arrived on the scene and turned on her lights, appellant pulled
off the shoulder and onto the road, crossed several lanes, and ran a red
light.  After running the red light,
appellant immediately pulled over. 
Officer Flesner approached, smelled alcohol, and noticed that appellant=s speech was slurred and eyes were heavy and watery.  Appellant also had trouble finding his driver=s license.  Appellant told
Officer Flesner that he was taking Ephramil, a diabetic drug, but also admitted
to drinking four beers that night.  The Aassist officer@ searched
appellant=s vehicle
and found a cup of liquid that smelled like alcohol. 








Suspecting that appellant was
intoxicated, Officer Flesner asked him to participate in field sobriety tests;
appellant complied.[4]  Appellant exhibited six out of six clues for
intoxication when he took the horizontal-gaze-nystamus test.  In his second test, the walk-and-turn,
appellant exhibited seven out of the eight clues for intoxication.  Appellant could not perform the one-leg-stand
test. 

At the station, appellant
initially agreed to take the breath test; however, when the officers found a
certified operator to conduct the test, appellant refused to cooperate.  Appellant also admitted that he had been
drinking vodka and was intoxicated. 
Further, appellant claimed that he had not been driving that night, and
he was confused about the date and time.

Appellant argues an Aalternative reasonable hypothesis,@ claiming that his symptoms at the scene were caused by a diabetic
incident instead of intoxication. 
Appellant told Officer Flesner that he was taking Ephramil, but never
told her that he had diabetes, epilepsy, or any other type of medical
condition.  He also told Officer Flesner
that his last doctor=s visit had
been six months prior to the arrest. 
Importantly, appellant presented no witnesses or other evidence at trial
to support his alternative hypothesis.  








Even if appellant was on
medicationCand there is
no evidence that he wasCthis
hypothesis does not explain the smell of alcohol around him, the cup of liquid
that smelled like alcohol, his admissions that he had drank vodka and four
beers and was intoxicated, or his refusal to submit to a breath exam. Further,
the jury had the opportunity to consider appellant=s alternative hypothesis as well as the conflicting evidence,
including a tape of appellant=s performance during the field sobriety tests, and determined that
appellant=s hypothesis
was not persuasive. 








Given the evidence of
intoxication and the lack of evidence regarding appellant=s alternative hypothesis, the jury=s conclusion was not manifestly unjust.  See Johnson v. State, No.
02-03-00511-CR, 2005 WL 2100450, at *2 (Tex. App.CFort Worth Aug. 31, 2005, no pet.) (not designated for publication)
(holding that although defendant=s sprained ankle and blind right eye explained his poor performance on
some sobriety tests, the disabilities did not explain his poor performance on
all the tests, the odor of alcohol, his refusal to submit a breath sample, or
his personal admission that he drank); Mills v.  State, 99 S.W.3d 200, 204 (Tex. App.CFort Worth 2002, pet. ref=d) (holding evidence factually sufficient where defendant=s breath smelled like alcohol, his eyes were red and glassy, his
posture unsteady, he failed sobriety tests, and he personally admitted to
drinking and refused to give a breath sample); Cox v. State, No.
14-97-00040-CR, 1999 WL 212268, at *1 (Tex. App.CHouston [14th Dist.] Apr. 8, 1999, pet.  ref=d) (not designated for publication) (holding that evidence was
factually sufficient to support verdict for DWI when appellant told the officer
he was a diabetic and had taken some medication but smelled of alcohol, had
bloodshot eyes, slurred speech, and refused to perform sobriety field tests). 

Giving due deference to the
fact-finder=s
determination that appellant was intoxicated, and after considering all the
evidence in a neutral light, we conclude that the evidence was factually
sufficient to uphold this finding.  Watson,
204 S.W.3d at 414-15, 417; Johnson 23 S.W.3d at 11. 

IV. Conclusion

We overrule appellant=s sole point and affirm the trial court=s judgment.         

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL F:    LIVINGSTON, GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
July 26, 2007











[1]See Tex. R. App. P. 47.4.





[2]The
officers never determined what the liquid in the cup was.





[3]The
parties stipulated to appellant=s two prior DWI
convictions.  See Tex. Penal Code Ann. ' 49.09(b)(2) (Vernon Supp. 2006) (providing that an offense under
section 49.04 is a felony of the third degree if it is shown at trial that the
person has been previously convicted two times of any other offense relating to
the operating of a motor vehicle while intoxicated).





[4]Officer
Flesner=s
patrol car was equipped with a video camera. 
Therefore, at trial, the jury was able to review the video detailing
appellant=s
behavior at the scene.