

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00113-CV
_____

IN THE MATTER OF D.W.P.

On Appeal from the County Court at Law, Sitting as a Juvenile Court
Harrison County, Texas
Trial Court No. 3840

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

D.W.P., a juvenile, was adjudicated a delinquent child by the trial court for possessing marihuana in a school zone and placed on probation. When informed by an assistant principal of Marshall High School that D.W.P. was acting unusual, Officer Shawn Estes administered a "drug screen" to D.W.P. At trial, D.W.P. objected to the reliability of the drug screen under *Daubert*. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993); *see also E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 550 (Tex. 1995); *Kelly v. State*, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992). Officer Estes was unable to remember the name of the drug screen which was performed. Officer Estes also testified he did not know the underlying scientific principles of the drug test or whether the test had been peer reviewed. The trial court admitted the evidence over D.W.P.'s objection and modified the prior disposition. The failure of the drug screen was the sole ground for modification. On appeal, D.W.P.'s sole issue is that the trial court erred in admitting the evidence of the drug test without adequate evidence of its reliability. The State concedes the admission of the urine test results was error and requests this Court to reverse and remand this case.

Even though appeals of juvenile court orders are generally treated as civil cases, we believe the criminal standard for the admission[1] of scientific evidence should apply in light of the quasi-criminal nature of juvenile proceedings. *See In re D.I.B.*, 988 S.W.2d 753, 756 (Tex. 1999).

---

[1]"In juvenile proceedings, the requirements for admissibility of evidence in revocation proceedings appear not to differ much from those in adjudication proceedings." Robert Dawson, *Texas Juvenile Law* 254 (6th ed. 2004).

The proponent of scientific evidence must prove, by clear and convincing evidence, that the evidence is both relevant and reliable in order for the evidence to be admissible. *Kelly*, 824 S.W.2d at 573. To be considered reliable, evidence based on a scientific theory must satisfy three criteria: (1) the underlying scientific theory must be valid; (2) the technique applying the theory must be valid; and (3) the technique must have been properly applied on the occasion in question. *Id.*; *Scherl v. State*, 7 S.W.3d 650, 651–52 (Tex. App.—Texarkana 1999, pet. ref'd).

The State admits error based on *Hernandez v. State*, 116 S.W.3d 26, 31–32 (Tex. Crim. App. 2003). In *Hernandez*, the defendant's probation was revoked based on a urine test for the presence of drugs using a machine called an ADx analyzer. *Id.* at 28. However, the technician was unable to explain how the ADx analyzer worked or the scientific theory behind the ADx analyzer. *Id.* The Texas Court of Criminal Appeals held "[a]lthough appellate courts may take judicial notice of other appellate opinions concerning a specific scientific theory or methodology in evaluating a trial judge's *Daubert/Kelly* 'gatekeeping' decision, judicial notice on appeal cannot serve as the sole source of support for a bare trial court record concerning scientific reliability." *Id.* at 31–32 (footnote omitted).

In this case, there is no evidence of the underlying scientific theory or that the technique applying the theory is valid.[2] While Officer Estes described what steps he took in performing the

[2]We note that at trial the State argued proof of reliability was not necessary, making an analogy to radar guns. The underlying scientific theory and the technique applying the theory for a few techniques, such as the intoxilyzer and radar guns, have been statutorily or judicially recognized as valid. *See* TEX. TRANSP. CODE ANN. § 524.038 (Vernon 2007); *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999); *Stevenson v. State*, 895 S.W.2d 694, 698–99 (Tex. Crim. App. 1995); *Mills v. State*, 99 S.W.3d 200, 202 (Tex. App.—Fort Worth 2002, pet. ref'd); *Tex. Dep't*

test, he was unable to testify that those steps were consistent with a prescribed procedure. When asked what was the first step of the "directions on the administration of the test," Officer Estes stated, "As far as exactly what the directions say, I do not know what's one, two, three, four, no. I can't tell you that." The record contains no evidence, other than Officer Estes's testimony, concerning the drug test introduced. The trial court erred in admitting the test results over D.W.P.'s objection.

We reverse the order of the trial court and remand this case for proceedings consistent with this opinion.


Bailey C. Moseley
Justice

Date Submitted:     January 3, 2008
Date Decided:       January 4, 2008

---

*of Pub. Safety v. Jimenez*, 995 S.W.2d 834, 837–38 (Tex. App.—Austin 1999, no pet.). The parties have not cited us any authority that the theory or technique of the urine test at issue has been recognized as valid. Further, even when the first two criteria have been met by legislative finding or judicial fiat, the State is still required to prove the technique was properly applied on the occasion in question. *Reynolds v. State*, 204 S.W.3d 386, 391 (Tex. Crim. App. 2006). Officer Estes's testimony was insufficient to establish that he properly applied the technique on the occasion in question.