In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00017-CV


______________________________




A. E. SMITH AND EDITH A. SANDERS, Appellants



V.



CITY OF MOUNT PLEASANT, TEXAS, AND


JERRY BOATNER, IN HIS OFFICIAL CAPACITY

AS MAYOR OF THE CITY OF MOUNT PLEASANT, TEXAS, Appellees



 


On Appeal from the 76th Judicial District Court


Titus County, Texas


Trial Court No. 32,586




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 A. E. Smith and Edith A. Sanders, appellants, have filed with this Court a motion to dismiss
the pending appeal in this matter. They represent to this Court that the parties have reached a full
and final settlement. In such a case, no real controversy exists, and in the absence of a controversy,
the appeal is moot.

 We grant the motion and dismiss this appeal.



 Bailey C. Moseley

 Justice


Date Submitted: February 11, 2008

Date Decided: February 12, 2008



as error and requests this Court to reverse and remand this case. 

 Even though appeals of juvenile court orders are generally treated as civil cases, we believe
the criminal standard for the admission (1) of scientific evidence should apply in light of the
quasi-criminal nature of juvenile proceedings. See In re D.I.B., 988 S.W.2d 753, 756 (Tex. 1999). 
The proponent of scientific evidence must prove, by clear and convincing evidence, that the evidence
is both relevant and reliable in order for the evidence to be admissible. Kelly, 824 S.W.2d at 573. 
To be considered reliable, evidence based on a scientific theory must satisfy three criteria: (1) the
underlying scientific theory must be valid; (2) the technique applying the theory must be valid; and
(3) the technique must have been properly applied on the occasion in question. Id.; Scherl v. State,
7 S.W.3d 650, 651-52 (Tex. App.--Texarkana 1999, pet. ref'd).

 The State admits error based on Hernandez v. State, 116 S.W.3d 26, 31-32 (Tex. Crim. App.
2003). In Hernandez, the defendant's probation was revoked based on a urine test for the presence
of drugs using a machine called an ADx analyzer. Id. at 28. However, the technician was unable
to explain how the ADx analyzer worked or the scientific theory behind the ADx analyzer. Id. The
Texas Court of Criminal Appeals held "[a]lthough appellate courts may take judicial notice of other
appellate opinions concerning a specific scientific theory or methodology in evaluating a trial judge's
Daubert/Kelly 'gatekeeping' decision, judicial notice on appeal cannot serve as the sole source of
support for a bare trial court record concerning scientific reliability." Id. at 31-32 (footnote omitted). 

 In this case, there is no evidence of the underlying scientific theory or that the technique
applying the theory is valid. (2) While Officer Estes described what steps he took in performing the
test, he was unable to testify that those steps were consistent with a prescribed procedure. When
asked what was the first step of the "directions on the administration of the test," Officer Estes stated,
"As far as exactly what the directions say, I do not know what's one, two, three, four, no. I can't tell
you that." The record contains no evidence, other than Officer Estes's testimony, concerning the drug
test introduced. The trial court erred in admitting the test results over D.W.P.'s objection. 

 We reverse the order of the trial court and remand this case for proceedings consistent with
this opinion. 




 Bailey C. Moseley

 Justice


Date Submitted: January 3, 2008

Date Decided: January 4, 2008



1. "In juvenile proceedings, the requirements for admissibility of evidence in revocation
proceedings appear not to differ much from those in adjudication proceedings." Robert Dawson,
Texas Juvenile Law 254 (6th ed. 2004).
2. We note that at trial the State argued proof of reliability was not necessary, making an
analogy to radar guns. The underlying scientific theory and the technique applying the theory for a
few techniques, such as the intoxilyzer and radar guns, have been statutorily or judicially recognized
as valid. See Tex. Transp. Code Ann. § 524.038 (Vernon 2007); Mireles v. Tex. Dep't of Pub.
Safety, 9 S.W.3d 128, 131 (Tex. 1999); Stevenson v. State, 895 S.W.2d 694, 698-99 (Tex. Crim.
App. 1995); Mills v. State, 99 S.W.3d 200, 202 (Tex. App.--Fort Worth 2002, pet. ref'd); Tex. Dep't
of Pub. Safety v. Jimenez, 995 S.W.2d 834, 837-38 (Tex. App.--Austin 1999, no pet.). The parties
have not cited us any authority that the theory or technique of the urine test at issue has been
recognized as valid. Further, even when the first two criteria have been met by legislative finding
or judicial fiat, the State is still required to prove the technique was properly applied on the occasion
in question. Reynolds v. State, 204 S.W.3d 386, 391 (Tex. Crim. App. 2006). Officer Estes's
testimony was insufficient to establish that he properly applied the technique on the occasion in
question.