Opinion issued May 15, 2008















     

In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00504-CR




GERRARDO RAMIREZ, Appellant

v.

THE STATE OF TEXAS, Appellee




On Appeal from the 400th District Court 
Fort Bend County, Texas
Trial Court Cause No. 44,156




MEMORANDUM OPINION

          A jury found appellant, Gerrardo Ramirez, guilty of the third-degree felony
offense of driving while intoxicated (“DWI”) and assessed punishment at eight years’
confinement.


 In two issues, appellant (1) raises a factual sufficiency challenge to his
conviction and (2) asserts that the trial court erred by admitting inadmissible hearsay
evidence during the punishment phase.
          We affirm. 
Factual Insufficiency
          In his first issue, appellant challenges the factual sufficiency of the evidence
supporting his felony DWI conviction. 
A.      Standard of Review and Legal Principles Governing Offense
          When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. See Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997). We
will set aside the verdict only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000). Under the first prong of Johnson, we cannot conclude that a conviction is
“clearly wrong” or “manifestly unjust” simply because, on the quantum of evidence
admitted, we would have voted to acquit had we been on the jury. Watson v. State,
204 S.W.3d 404, 417 (Tex. Crim. App. 2006).
          Under the second prong of Johnson, we cannot declare that a conflict in the
evidence justifies a new trial simply because we disagree with the jury’s resolution
of that conflict. Id. Before finding that evidence is factually insufficient to support
a verdict under the second prong of Johnson, we must be able to say, with some
objective basis in the record, that the great weight and preponderance of the evidence
contradicts the jury’s verdict. Id.
          In conducting a factual-sufficiency review, we must discuss the evidence that,
according to the appellant, most undermines the jury’s verdict. See Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).
          A person commits the offense of driving while intoxicated if the person is
intoxicated while operating a motor vehicle in a public place. Tex. Pen. Code Ann.
§ 49.04(a) (Vernon Supp. 2007). A person commits a felony offense of driving while
intoxicated if it is shown at trial that the person had previously been twice convicted
of the offense of operating a motor vehicle while intoxicated. Tex. Pen. Code Ann.
§ 49.09(b)(2) (Vernon Supp. 2007). Texas law defines the term “intoxicated” to
mean either “not having the normal use of mental or physical faculties by reason of
the introduction of alcohol, a controlled substance, a drug, a dangerous drug, or
combination of two or more of those substances, or any other substance into the
body” or “having an alcohol concentration of .08 or more.” Tex. Pen. Code Ann.
§ 49.01(2) (Vernon 2003).
B.      The Evidence
          During the guilt-innocence phase, only one witness testified: Sugar Land Police
Officer N. Cox, who testified for the State. Officer Cox testified that on March 22,
2006 he was working night patrol. He was stopped at an intersection when he heard
an engine revving and “tires start[ing] to spin.” Officer Cox then saw appellant run
a red traffic light. Officer Cox activated his emergency lights and video camera in
his patrol car and pursued appellant. Officer Cox noticed that appellant was driving
“extremely fast.” As Officer Cox caught up to him, appellant turned left onto a street. 
Officer Cox observed that appellant “slowed a little bit and came to a stop sign.” 
Officer Cox noted that appellant then “swung out wide, almost hitting the opposite
curb, c[a]me back, made like a little ‘S’ turn, and then into a driveway of a house,”
which Officer Cox later learned was appellant’s home. 
          As Officer Cox approached appellant’s car, appellant rolled down his window. 
Officer Cox testified that he could “smell a very strong odor of alcohol coming from
the car.” Officer Cox asked for appellant’s driver’s license and proof of insurance. 
Appellant told Officer Cox that his insurance information was in the house. Instead
of a driver’s license, appellant gave Officer Cox a Texas identification card and a
Visa card. Appellant dropped the Visa card as he handed it to Officer Cox. When
Officer Cox asked appellant if he had a Texas driver’s license, appellant said, “I’m
not sure.” 
          Officer Cox told the jury that he noticed appellant had “red, bloodshot, real
glassy eyes” and “slurred speech.” When Officer Cox asked appellant if he had been
drinking any alcohol before the stop, appellant replied, “Probably plenty.” When
Officer Cox repeated the question, appellant responded, “Quite a few, sir.” Appellant
admitted at a later point that he had consumed two alcoholic drinks with dinner three
or four hours before the stop.
          Officer Cox asked appellant to get out of his car. Officer Cox noticed that
appellant “kind of stumbled a little bit” as appellant walked toward Officer Cox’s
patrol car. Officer Cox asked appellant if he could administer the horizontal gaze
nystagmus (“HGN”) test to appellant. Appellant refused and stated, “I wouldn’t be
able to pass any of that.” At that time, Officer Cox also heard from the dispatcher,
who had ran a check on appellant’s Texas identification. The dispatcher told Officer
Cox that appellant’s driver’s license was suspended. Officer Cox placed appellant
under arrest for driving without a valid driver’s license. 
          Once at the Sugar Land jail, Officer Cox continued his DWI investigation.
Appellant agreed to allow Officer Cox to administer the HGN test. Officer Cox
testified that appellant showed four “clues” out of six on the HGN test. According
to Officer Cox, appellant then began the “walk and turn” sobriety test but “stumbled
off the line” and refused to complete the test or to do “the one-leg stand test.” 
Appellant also refused to take a breath test. Officer Cox testified that, in his opinion,
appellant was intoxicated and did not have normal use of his mental or physical
faculties due to drinking alcohol. Officer Cox based his opinion on the strong odor
of alcohol on appellant, appellant’s admission to drinking, the officer’s observation
that appellant was swaying, appellant’s slurred speech, appellant’s dropping of the
Visa card when handing it to Officer Cox, appellant’s glassy, bloodshot eyes, and the
manner in which appellant was driving. 
          Appellant was charged with felony DWI. At trial, he stipulated to two prior
convictions for DWI. 
C.      Analysis 
          Appellant predicates his factual sufficiency challenge on the following: (1) the
State offered no forensic evidence to show appellant was intoxicated; (2) Officer Cox
detected only four out of six possible clues on the HGN test; (3) the two alcoholic
drinks appellant had with dinner several hours earlier would not have “impair[ed] a
grown man” and would have been “metabolized through [appellant’s] system”; (4)
the State offered no evidence to contradict appellant’s claim that he had only two
drinks earlier in the evening; (5) the State presented no evidence to show what
appellant’s physical and mental faculties were normally; (6) Officer Cox testified that
appellant was able to park his car in the driveway; (7) appellant appeared to
understand the statutory warnings given to him and to “read the extremely small fine
print regarding the legal consequences of his actions in refusing to offer blood or
breath [samples]”; (8) the evidence showed that appellant “manage[d] to drive his
vehicle for a small distance quite safely after the officer illuminated his emergency
lights”; and (9) Officer Cox testified that he initially arrested appellant for driving
with a suspended driver’s license, not for DWI. 
          We disagree that the evidence is so weak that the verdict is clearly wrong and
manifestly unjust because the State did not present certain evidence identified by
appellant. The testimony of an officer, such as Officer Cox, regarding his opinion
that the defendant was intoxicated is sufficient to establish intoxication. See Annis
v. State, 578 S .W.2d 406, 407 (Tex. Crim. App. 1979); Henderson v. State, 29
S.W.3d 616, 622 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d). Moreover, as
described, evidence was presented that appellant ran a red light; smelled strongly of
alcohol; admitted to drinking; had bloodshot and glassy eyes; gave Officer Cox an
identification card and a Visa card instead of a driver’s license; dropped the Visa card
when handing it to Officer Cox; swayed; tested positive for four clues on the HGN
test; fell off the line when beginning the walk and turn sobriety test; refused to take
the remaining sobriety tests; and refused a breath test. Given this evidence, we
conclude that the evidence of appellant’s intoxication is not so weak as to make the
verdict seem clearly wrong or manifestly unjust. See Mills v. State, 99 S.W.3d 200,
204 (Tex. App.—Fort Worth 2002, pet. ref’d) (holding evidence factually sufficient
when defendant’s breath smelled like alcohol, his eyes were red and glassy, his
posture unsteady, he failed sobriety tests, he personally admitted to drinking, and
refused to give breath sample).
          Likewise, we disagree that the verdict is against the great weight and
preponderance of the evidence based on the evidence cited by appellant. To the
extent the evidence could be viewed as conflicting, we must give due deference to the
jury with regard to issues of credibility and to weight-of-the-evidence determinations. 
See Marshall v. State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006). The Court of
Criminal Appeals has reiterated that “our factual-sufficiency jurisprudence still
requires [us] to afford ‘due deference’ to the jury’s determination.” Id. (citing
Johnson, 23 S.W.3d at 9). Based on the record before us and considering the
evidence cited by appellant, the jury in this case was in the best position to reconcile
any perceived conflicts and to weigh the evidence, and we give proper deference to
those determinations. See id.
          After reviewing all of the evidence in a neutral light, we cannot conclude that
the evidence is so weak that the verdict is clearly wrong and manifestly unjust or that
the verdict is against the great weight and preponderance of the evidence. See
Johnson, 23 S.W.3d at 11. We hold that the evidence is factually sufficient to support
appellant’s conviction.
          We overrule appellant’s first issue. 
Hearsay
          In his second issue, appellant asserts, “The admission of the police officer’s
hearsay testimony at punishment was harmful, reversible error that affected
Appellant’s substantial rights.” Appellant complains of the testimony of Sugar Land
Police Officer J. MacDonough, who testified for the State during the punishment
phase regarding appellant’s prior 2005 DWI offense. More specifically, Officer
MacDonough gave testimony regarding a traffic accident that was allegedly caused
by appellant in conjunction with the 2005 DWI offense. On appeal, appellant
generally complains that Officer MacDonough was improperly allowed to give
hearsay testimony relating to the accident “to frighten” and “to inflame” the jury for
the purpose of dissuading the jury from “putting appellant on probation, even though
he was eligible . . . .”
          In the portions of the record specifically cited by appellant to support his
contentions, appellant made two objections.


 In the first instance, appellant lodged
a hearsay objection to Officer MacDonough’s testimony that, on the night of the 2005
DWI, Officer MacDonough knew to look for a car that had been damaged because
another police officer had radioed him that information. The State responded that the
testimony was not hearsay because it was not being offered for the truth of the matter
asserted. The trial court overruled the defense’s hearsay objection. 
          We review the trial court’s admission of evidence, including hearsay, under an
abuse of discretion standard. Apolinar v. State, 155 S.W.3d 184, 186 (Tex. Crim.
App. 2005). The rules of evidence define hearsay as “a statement, other than one
made by the declarant while testifying at the trial or hearing, offered in evidence to
prove the truth of the matter asserted.” Tex. R. Evid. 801(d). We agree with the
State that the complained-of testimony was not hearsay because it was not offered to
prove the truth of the matter asserted; rather, it was offered to show why Officer
MacDonough knew to look for a car with damage. Accordingly, we hold that the trial
court did not abuse its discretion when it overruled appellant’s hearsay objection to
Officer MacDonough’s testimony regarding how he knew to look for a damaged
vehicle.
          In the second record reference cited by appellant, the State asked Officer
MacDonough if he knew why appellant had left the accident scene relating to the
2005 DWI offense. Officer MacDonough answered that he was told that appellant
did not have any insurance. At that point, the defense stated simply, “Objection,”
without specifying the basis for the objection. The defense never obtained a ruling
on this general objection from the trial court. 
          To preserve error for appellate review, the complaining party must make a
specific objection and obtain a ruling on the objection. Wilson v. State, 71 S.W.3d
346, 349 (Tex. Crim. App. 2002); see Tex. R. App. P. 33.1(a). Because he neither
made a specific objection nor obtained a ruling from the trial court on his general
objection, appellant has not preserved any error relating to Officer MacDonough’s
testimony that appellant fled the accident scene in 2005 because appellant did not
have insurance. 
          We overrule appellant’s second issue. 
 
Conclusion
          We affirm the judgment of the trial court.




                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Nuchia, Hanks, and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).